ABLE ELECTRIC, INC., Appellant, *v.* HERBERT KAUF-
MAN and JEFFRICK CORPORATION, Respond-
ents.

No. 18236

March 30, 1988                               752 P.2d 218

*Edwin A. Adamson,* Las Vegas, for Appellant.

*Michael Cherry* and *Douglas C. Crawford,* Las Vegas, for
Respondents.

## OPINION

*Per Curiam:*

Appellant Able Electric, Inc. was hired as the electrical sub-contractor to construct improvements to several of respondent Jeffrick Corporation's leasehold interests located at the Fashion Show Mall in Clark County, Nevada. A dispute arose between Jeffrick and Van's Tenant Interiors, Inc., the general contractor, which resulted in a lien foreclosure action with regard to the improved Fashion Show Mall leaseholds. Able intervened in the action.

Following a trial on the merits, the district court entered its judgment in favor of Able. In conjunction with the judgment for the amounts due under the subcontract, Able was granted lien relief on the following leasehold interests to the extent indicated below:

| | |
|---|---|
| Herbie K's | $47,553.93 |
| Airline Associates | $ 4,067.26 |
| Midnight Lace | $ 5,956.70 |
| The Toy Circus | $23,072.33 |
| The Zoo | $12,296.00 |

Shortly after the judgment was rendered, Jeffrick began making periodic payments against the balance of the judgment, plus twelve percent interest. Jeffrick ceased making payments in Feb-

ruary of 1987. To satisfy the outstanding balance of the judgment, Able commenced a writ of execution against one of the leasehold interests against which it held a lien, Herbie K's.

Meanwhile, Jeffrick filed a motion for satisfaction of judgment and expungement of liens. Jeffrick then obtained a temporary restraining order forestalling execution of the judgment lien pending the outcome of its motion.

After a hearing on Jeffrick's motion, the district court ordered the monies received by Able, approximately $120,000.00, applied to satisfy the judgment in part and to expunge the liens attached to Jeffrick's leasehold interests in the first three lien claims in the order appearing above, namely, Herbie K's, Airline Associates and Midnight Lace. In response to the district court's decision Able filed a motion to alter or amend. The court denied Able's motion. Able now appeals from the denial of its motion to alter or amend as well as from the order granting Jeffrick's motion for satisfaction and expungement of liens in which the liens of Herbie K's, Airline Associates and Midnight Lace were expunged.

*Thirty-Day Notice of Appeal Period*

As a threshold issue, Jeffrick challenges this court's jurisdiction to hear the instant appeal. According to Jeffrick, Able did not timely file a notice of appeal thus depriving this court of the necessary jurisdiction. We disagree.

Pursuant to Nevada Rules of Appellate Procedure 4(a), a notice of appeal must be filed within thirty days of the date of service of written notice of the entry of the order appealed. However, this thirty-day period is terminated as to all parties by a timely filed motion to alter or amend. NRAP 4(a). Thus, Able had until May 17, 1987, thirty days after written notice of the denial of the motion to alter or amend, in which to file its notice of appeal. Since the notice of appeal was filed on May 8, 1987, within the thirty-day period, this court has jurisdiction to consider the merits of this appeal.

We are not persuaded by Jeffrick's attempt to convert Able's motion to alter or amend into a non-tolling motion for rehearing. Although Jeffrick is correct in concluding that a motion for rehearing does not toll the thirty-day notice of appeal period, *see* Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983), we do not agree that Able's motion can be properly considered as a motion for rehearing under the circumstances of this case. The district court did not consider any new evidence in

arriving at its decision to deny Able's motion to alter or amend; accordingly, we decline to treat such motion as a motion for rehearing and thus deprive Able of its appeal.

### Lien Satisfaction and Expungement

Able argues that the district court erred in the manner in which the monies received by Able in partial satisfaction of the judgment were applied to expunge the liens. We agree.

In its order granting Jeffrick's motion for satisfaction of judgment and expungement of liens, the district court without any apparent stated grounds removed only the liens attached to Jeffrick's leasehold interests in Herbie K's, Airline Associates and Midnight Lace. Able was left with liens on the two remaining, worthless leaseholds, The Toy Circus and The Zoo. Expungement of liens in this fashion deprives Able of valuable security interests.

When a debtor partially satisfies a judgment, that debtor has the right to make an appropriation of such payment to the particular obligations outstanding. *See* Warren Bros. Co. v. Sentry Ins., 433 N.E.2d 1253 (Mass.App.Ct. 1982). This application must be submitted at the time the payment is made. *Warren Bros. Co.,* 433 N.E.2d at 1255.

Where no appropriation is made by the debtor concurrent with the payment, the right passes to the creditor. *See* Preston County Coke Co. v. Preston County Light & Power Co., 119 S.E.2d 420 (W.Va. 1961). Once the creditor communicates to the debtor the appropriation of the payment, it is final, and the creditor may not thereafter change the application to another debt. *See* Wolf v. Aero Factors Corp., 126 F.Supp. 872 (S.D.N.Y. 1954), *aff'd,* 221 F.2d 291 (2nd Cir. 1955). The creditor's right to appropriate the payments received terminates at the time a controversy regarding such application arises. *See* Diesel Service, Inc. v. Accessory Sales, Inc., 288 N.W.2d 258 (Neb. 1980).

If both the debtor and the creditor fail to make reductions in the outstanding lien balances, then the court is authorized to make the application. *See* Atlantic & Gulf Properties, Inc. v. Palmer, 109 So.2d 768 (Fla.Dist.Ct.App. 1959). In directing the application of a payment, the district court should be guided by the basic principles of justice and equity so that a fair result can be achieved. *See* Hayes Pipe Supply v. McKendree Manor, Inc., 695 S.W.2d 174 (Tenn. 1985).

Acting on the assumption that the debtor would desire all debts be paid, and mindful that the purpose for granting a lien is to secure a debt owed to the creditor by the debtor, we believe that equity and justice will be best served by a disposition that is most favorable to the creditor at the time the appropriation is made. The manner in which the district court applied the payments in reduction of the outstanding liens was not in the best interests of the lien creditor. We therefore reverse both orders challenged on appeal and remand the case to the district court with instructions to apply the payments in a manner which will best preserve the security interests of the lien creditor, Able Electric.