OPINION

Per Curiam:

Hung Phuc Duong appeals from a district court order denying his petition to seal criminal records. The State has moved to dismiss the appeal. According to the State, Duong’s notice of appeal was untimely and failed to vest jurisdiction in this court because it was filed more than thirty days after Duong’s counsel received a copy of the court’s order and because Duong’s motion for reconsideration did not toll the time within which to appeal. The State never served written notice of the order’s entry on Duong, however, so NRAP 4(a)(l)’s thirty-day deadline for filing a notice of appeal was not activated. And, although the motion for reconsideration did not toll the time within which to appeal, Duong’s alternative motions to amend or make additional findings of fact or to alter or amend the judgment did. The notice of appeal was not filed too late, but rather too early because the district court had not resolved the alternative motions. After the district court formally resolved the tolling motions, Duong filed an amended notice of appeal. We conclude that we have jurisdiction and there is no jurisdictional basis for dismissing this appeal.
On February 11, 2002, Duong petitioned the district court under NRS 179.245 to seal all criminal records relating to his *922 1985 conviction for lewdness with a minor. The State opposed Duong’s petition. On March 11, 2002, the district court entered a minute order denying Duong’s petition, and on March 19, 2002, the court entered a written order denying the petition. The summary order contained no findings of fact or conclusions of law. And, although the order contained a certificate of mailing indicating that it was mailed to Duong’s attorney, the State did not serve Duong with written notice of the order’s entry.
On April 2, 2002, Duong moved the court to reconsider its order, or to clarify it and enter more specific findings and conclusions, or to alter or amend the judgment. On April 29, 2002, the district court entered a minute order denying the motion, but also explaining its reasons for denying the petition to seal Duong’s criminal records. On May 8, 2002, the court entered a written order summarily denying Duong’s motion for reconsideration. This order also contained a certificate of mailing, but again the State did not serve Duong with written notice of this order’s entry.
On May 21, 2002, Duong filed a notice of appeal from both orders.
On October 16, 2002, the State moved to dismiss the appeal. The State first argues that Duong’s notice of appeal was filed too late under NRAP 4(a)(1) because it was filed more than thirty days after Duong’s attorney received a copy of the order denying his petition. The State is mistaken.
The time for filing a notice of appeal in most civil proceedings is governed by NRAP 4(a)(1), which provides that the time begins when the written judgment or final order is entered and expires thirty days “after the date of service of written notice of the entry of the judgment or order appealed from.”[1] Since the proper and timely filing of a notice of appeal is jurisdictional, there are sound reasons for this formal service requirement.[2] Requiring parties to serve separate written notice of a judgment’s or final order’s entry sharply defines the beginning of the thirty-day limitation period and provides a clear and definite warning that the time within which to appeal has begun to run. This absolute rule eliminates any confusion that could result from less formal practices, such as placing copies of filed orders in attorneys’ boxes at court, or mailing copies of orders that have been submitted to the court but have not been signed and filed. Because the State did not serve Duong with written notice of the March 19, 2002 order’s entry, *923 the thirty-day limitation had not yet begun when Duong filed his notice of appeal on May 21, 2002. Therefore, the notice of appeal was not filed too late.
The State also argues that Duong’s April 2, 2002 motion for reconsideration did not toll the time within which to file the appeal under NRAP 4(a)(2). Although a motion for reconsideration is not a tolling motion, Duong’s alternative motions to amend or make additional findings of fact under NRCP 52(b) or to alter or amend the judgment under NRCP 59 were tolling motions.[3] Indeed, because the district court’s May 8, 2002 order denying reconsideration did not resolve Duong’s alternative tolling motions, his notice of appeal was filed too early to vest jurisdiction in this court. NRAP 4(a)(2) provides that a notice of appeal filed before the formal disposition of any timely post-judgment motion enumerated in the rule, including motions to amend or make additional findings of fact under NRCP 52(b) or to alter or amend the judgment under NRCP 59, shall have no effect. Under NRAP 4(a)(2), the time within which to file an appeal begins with the entry of a written order resolving the tolling motion and expires thirty days from the date of service of written notice of that order’s entry. Consequently, we ordered Duong to show cause why this appeal should not be dismissed for lack of jurisdiction. Duong procured the entry of a district court order formally resolving the tolling motions and timely filed an amended notice of appeal, thereby vesting jurisdiction in this court.
Accordingly, we deny the State’s motion to dismiss this appeal, and we reinstate the briefing schedule. The State shall have thirty days from the date of this opinion within which to serve and file its answering brief. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

 Three days are added to the thirty-day appeal period if service is accomplished by mail. See NRAP 26(c).

 Rust v. Clark Cty. School District, 103 Nev. 686, 688, 747 P.2d 1380, 1382 (1987).

 NRAP 4(a)(2).