62 P.3d 741 (2003)
CUSTOM CABINET FACTORY OF NEW YORK, INC., A Nevada Corporation, and Western Insurance Company, A Nevada Corporation, Petitioners,
v.
The EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, In and For the COUNTY OF CLARK, and the Honorable Jeffrey D. Sobel, District Judge, Respondents, and
Ronald McMillan and Theresa McMillan, Husband and Wife, Real Parties in Interest.
No. 39735.
Supreme Court of Nevada.
February 12, 2003.
Ashby & Ranalli and John W. Kirk, Las Vegas, for Petitioners.
Nitz Walton & Heaton, Ltd., and Ashley E. Nitz, Las Vegas, for Real Parties in Interest.
Before SHEARING, LEAVITT and BECKER, JJ.
OPINION
PER CURIAM.
In this petition, we are asked to determine how to calculate the thirty-day period for requesting a trial de novo after notice of an arbitration award is served by mail. We conclude that the three additional days for service by mail must be added directly to the thirty-day period and that, consequently, the district court was compelled to strike the trial de novo request as untimely.
FACTS
Custom Cabinet Factory of New York, Inc. (Custom Cabinet) entered into a contract to build and install custom furniture at the home of Ronald and Theresa McMillan (the McMillans). A dispute arose regarding the quality of the work, and the McMillans refused to pay the balance owed under the contract. Custom Cabinet then filed suit in Clark County to recover the remaining balance owed under the contract.
Because the amount in dispute did not exceed $40,000, the matter was referred to arbitration. There, the arbitrator found in favor of Custom Cabinet and awarded $8,300 in damages. Thirty-four days after notice of the arbitration award was served by mail, the McMillans filed a request for trial de novo. The McMillans claimed that their request *742 was timely under NAR 18, which requires that trial de novo requests be filed within thirty days of the date notice is served, because the thirtieth day after notice was served fell on a Saturday. Thus, they claimed to be entitled to two additional days because the deadline fell on a Saturday and to three more days because notice was served by mail.
Custom Cabinet countered that the McMillans were entitled to thirty-three days only and filed a motion to strike the request for trial de novo. The district court denied Custom Cabinet's motion to strike. Custom Cabinet then filed this original petition for a writ of mandamus to compel the district court to strike the McMillans' request for trial de novo and to further compel the district court to enter judgment on the arbitrator's award.
DISCUSSION
The primary issue in this matter involves the method used to compute the filing deadline for a request for trial de novo in response to an arbitration award. In the underlying case, the thirtieth day following service of the arbitration award fell on a Saturday. Because the arbitration award was served by mail, it is uncontested that each party was entitled to three additional days to file a request for trial de novo.[1] The fundamental question is whether the three-day allowance for mailing begins on the thirty-first day or, instead, does it begin on the first judicial day following the thirtieth day?
Custom Cabinet claims that the three-day allowance for mailing begins on the thirtyfirst day, regardless of whether the thirtyfirst day is a non-judicial day. In support, it cites this court's decision in Ross v. Giacomo.[2] There, we considered whether a motion for new trial or judgment notwithstanding the verdict was timely filed under NRAP 4(a) in order to extend the thirty-day deadline for filing a notice of appeal.[3] To be timely, such motions must be filed within ten days after written notice of the judgment's entry is served.[4] The ten-day requirement is extended by three days if the notice is served by mail.[5] This court added the ten days provided by the pertinent rules and the three additional days for service by mail to determine that the motion was subject to a thirteen-day time limit.[6] Because the thirteenth day fell on a Sunday, the court allowed an extra day so that the filing deadline fell on a judicial day.[7]
In response, the McMillans note the dearth of Nevada case law on the subject and rely on federal case law to support their contention that the three-day allowance should be added only after computing the appropriate filing period and adjusting for non-judicial days. The McMillans contend that the Ninth Circuit's decision in Tushner v. United States District Court for the Central District of California[8] controls. There, the court stated that FRCP 6(e)'s purpose, to provide equal response time to those served by mail, would be thwarted if the three-day allowance for mailing were applied prior to computing the prescribed period.[9] The McMillans cite numerous examples where other state and federal courts have agreed.[10]
Decisions of the federal district court and panels of the federal circuit court of appeals are not binding upon this court.[11] Even an en banc decision of a federal circuit *743 court does not bind Nevada courts.[12] Because this issue is not a matter of constitutional import, this court is free to interpret state law regarding the computational scheme to be applied in Nevada state courts.
Additionally, following the federal courts' interpretation of the relevant procedural rules would potentially result in an additional five to seven days to file motions.[13] This result is complicated and absurd, especially in situations where the statutory time period is only ten days. The computation scheme used in Ross is not only simpler, it is also speedier and promotes judicial economy. For these reasons, the additional three days for service by mail should be added to the time allotted by statute or rule first. Then, if the deadline falls on a non-judicial day, the deadline should be extended to the next judicial day.[14]
Here, the district court should have added the three days allowed for mailing on the thirty-first day, even though the thirty-first day was a Saturday, a non-judicial day. This computation would result in the thirty-fourth day falling on Tuesday, a judicial day. Thus, there would be no need to extend the deadline further.
Custom Cabinet also contends that the district court abused its discretion by treating the provisions of NAR 18 as procedural, not jurisdictional. The district court never addressed the issue of whether Rule 18 was procedural or jurisdictional, nor did it need to. Instead, the court merely used a computational method favored by the federal courts, but contradicted by Nevada precedent.
Nevada has established a precedent in Ross that requires an addition of three days for service by mail before considering whether additional days are required to avoid having a deadline fall on a non-judicial day.
Consequently, the district court was compelled to grant petitioners' motion to strike the trial de novo request and manifestly abused its discretion in denying that motion. Our intervention by way of extraordinary relief is therefore warranted, and we grant this petition.[15] The clerk of this court shall issue a writ of mandamus instructing the district court to grant the motion to strike the trial de novo request and to enter judgment on the arbitration award filed on July 5, 2001.
NOTES
[1] NRCP6(a).
[2] 97 Nev. 550, 635 P.2d 298 (1981).
[3] Id. at 553, 635 P.2d at 300.
[4] Id. (citing NRCP 50(b)).
[5] NRCP 6(e).
[6] Ross, 97 Nev. at 553 nn. 1 & 2, 635 P.2d at 300 nn. 1 & 2.
[7] Id. at 553 n. 2, 635 P.2d at 300 n. 2.
[8] 829 F.2d 853 (9th Cir.1987).
[9] Id. at 855-56.
[10] See, e.g., Treanor v. MCI Telecommunications Corp., 150 F.3d 916 (8th Cir.1998); Lerro v. Quaker Oats Co., 84 F.3d 239 (7th Cir.1996); Thielking v. Kirschner, 176 Ariz. 154, 859 P.2d 777 (Ct.App.1993).
[11] United States ex rel. Lawrence v. Woods, 432 F.2d 1072, 1075-76 (7th Cir.1970).
[12] Blanton v. North Las Vegas Mutt. Ct., 103 Nev. 623, 633, 748 P.2d 494, 500 (1987), aff'd sub nom. Blanton v. North Las Vegas, 489 U.S. 538, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989); see also Rahn v. Warden, 88 Nev. 429, 498 P.2d 1344 (1972).
[13] For example, a motion could theoretically be permitted an additional seven days if the thirtieth day fell on Thanksgiving Day. The next judicial day would be four days in the future. Under the federal interpretation, three more days would be added if notice were served by mail resulting in a total increase of seven days. Under this court's interpretation, the total increase would be a more reasonable four days.
[14] See NRCP 6(a).
[15] NRS 34.160; Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981); Smith v. District Court, 113 Nev. 1343, 950 P.2d 280(1997).