WINSTON PRODUCTS COMPANY, INC., APPELLANT, *v.* SUSAN DEBOER, LEGAL GUARDIAN FOR CALVIN WRIGHT, AN ADULT WARD, RESPONDENT.

No. 45754

May 25, 2006                                   134 P.3d 726

*Woodburn & Wedge* and *W. Chris Wicker*, Reno, for Appellant.

*Bradley Drendel & Jeanney* and *Joseph S. Bradley*, Reno; *William R. Kendall*, Reno, for Respondent.

Before Maupin, Gibbons and Hardesty, JJ.

## OPINION

By the Court, Hardesty, J.:

In resolving this motion, we revisit the method used to compute the time for filing motions for judgment as a matter of law and for a new trial and the tolling period to file a notice of appeal when these motions are served by mail or electronic means. The Nevada Rules of Civil Procedure (NRCP) require these so-called tolling motions to be filed within 10 days from the date a judgment is filed and served. However, the 2004 amendments to the NRCP changed the computation of time where the prescribed period is less than 11

days to exclude Saturdays, Sundays and nonjudicial days. Where, as here, the time to file a tolling motion is 10 days, we conclude that the "period of time prescribed" in NRCP 6(a) does not include the 3-day allowance for service by mail under NRCP 6(e). Therefore, the filing period for a tolling motion is computed first under NRCP 6(a), and then 3 additional days are added under NRCP 6(e) when service was made by mail or electronic means. Using this computation method, we conclude that appellant's tolling motions were timely filed in the district court. Accordingly, we deny respondent's motion to dismiss this appeal. Further, although this issue was not addressed by the parties, we conclude that the tolling motions also tolled the time to appeal from the post-judgment order awarding attorney fees and costs.

## FACTS

The final judgment after a jury verdict in favor of respondent was filed on April 18, 2005. Respondent served appellant with notice of entry of the district court's final judgment via facsimile and mail on April 21, 2005. Fifteen days later, on May 6, 2005, appellant moved the district court for judgment as a matter of law under NRCP 50(b) or for a new trial pursuant to NRCP 59. Respondent opposed appellant's motions in the district court, arguing, in part, that they were not timely filed.

Before resolving the motions, on June 9, 2005, the district court entered a post-judgment order awarding attorney fees and costs in favor of respondent. Notice of entry of the order was served on appellant on June 10, 2005. On June 27, 2005, the district court entered its order denying appellant's motion for judgment as a matter of law or for a new trial. The district court determined that appellant's motions had been timely filed but concluded that appellant was not entitled to any relief. On July 29, 2005, within 30 days after service of notice of entry of the June 27 order resolving the motions, appellant filed a notice of appeal from that order, the final judgment, and the post-judgment order awarding attorney fees and costs.

Respondent has filed a motion to dismiss the appeal, alleging that appellant's motions for judgment as a matter of law and for a new trial were not timely and therefore did not toll the time to appeal. Appellant opposes the motion.

## DISCUSSION

This court lacks jurisdiction to consider an appeal that is filed beyond the time allowed under NRAP 4(a).[1] A timely filed motion

_____

[1]See NRAP 3(a); *Alvis v. State, Gaming Control Bd.*, 99 Nev. 184, 660 P.2d 980 (1983).

for judgment as a matter of law under NRCP 50(b) or for a new trial under NRCP 59 tolls the time for filing an appeal until no later than 30 days after a party serves written notice that the order resolving such motions has been entered.[2] A tolling motion under NRCP 50(b) or NRCP 59 is timely if it is filed within 10 days after a party serves written notice that a judgment has been entered.[3] Three additional days are added to this filing deadline when service was made by mail or electronic means.[4]

In the motion to dismiss, respondent argues that our prior case law requires that the 3-day allowance for mailing be added directly to the 10-day period to file tolling motions before computing the filing deadline under NRCP 6(a). Employing this rationale subjects these tolling motions to a 13-day time period. Under NRCP 6(a), intermediate Saturdays, Sundays and nonjudicial days would be included in the computation of the 13-day period. Applying this approach to this case results in the thirteenth day from service of notice of entry falling on May 4, 2005. In this scenario, because appellant's motions were not filed until May 6, 2005, they would be untimely and would not effectively toll the time to appeal.

Appellant encourages us to adopt the opposite approach to that suggested by respondent. Instead of first adding the 3 days for service by mail to reach a 13-day time period, appellant contends that sound judicial policy favors adding the 3-day allowance only after computing the 10-day filing period and excluding intermediate nonjudicial days under NRCP 6(a). Appellant argues that this method of computing the time period is consistent with federal court interpretation of the analogous federal rule, FRCP 6, and furthers the intent of NRCP 6(e) by allowing for more time when service is made by mail. Using this method in this case, appellant argues that its motions for judgment as a matter of law and for a new trial were timely filed and effectively tolled the time to appeal.

Rule 6 of the Nevada Rules of Civil Procedure governs time:

> **(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a nonjudicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a nonjudicial day, or, when the act to be done is the filing of a paper in court, a day on which weather

[2]NRAP 4(a)(4).

[3]NRCP 50(b); NRCP 59(b).

[4]NRCP 6(e).

or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. *When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and non-judicial days shall be excluded in the computation* except for those proceedings filed under Titles 12 or 13 of the Nevada Revised Statutes.

. . . .

**(e) Additional Time After Service by Mail or Electronic means.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper, other than process, upon the party and the notice or paper is served upon the party by mail or by electronic means, *3 days shall be added to the prescribed period.*

(Emphases added.) This court has previously considered in two cases the issue of computing time periods under NRCP 6 when service was made by mail. In *Ross v. Giacomo*, this court concluded that in calculating the time to file a tolling motion, the 3-day allowance for service by mail is added directly to the 10-day period—resulting in a 13-day filing period.[5] More recently, in *Custom Cabinet Factory of New York v. District Court*, a 2003 case involving the 30-day time period to file a request for trial de novo after arbitration, we affirmed the computation method employed in *Ross* and held that the 3-day allowance for service by mail "should be added to the time allotted by statute or rule first" and then the time period should be computed under NRCP 6(a).[6] We reasoned that the alternative method of computing time under Rule 6(a) of adding the 3 days for service by mail after computing the filing deadline "would potentially result in an additional five to seven days to file motions" which was "complicated and absurd."[7] Instead, we believed at the time that using the method of first adding the 3 days for service by mail to the time allotted by statute or rule and then computing the time period, was a simpler and speedier computation scheme.[8]

However, in 2004, after our decisions in *Ross* and *Custom Cabinet*, we amended NRCP 6 to be consistent with the 1985 amendments to the federal rule.[9] That amendment made the exclusion of

[5]97 Nev. 550, 553 nn.1 & 2, 645 P.2d 298, 300 nn.1 & 2 (1981).

[6]119 Nev. 51, 54-55, 62 P.3d 741, 743 (2003).

[7]*Id.* at 54, 62 P.3d at 742-43.

[8]*Id.*

[9]*See* NRCP 6 drafter's note (2004).

intermediate Saturdays, Sundays, and nonjudicial days applicable in computing time periods of less than 11 days.[10] Before the 2004 amendment, NRCP 6(a) only excluded intermediate nonjudicial days in computing periods of less than 7 days. Several federal courts have considered the intent behind FRCP 6(e)'s 3-day mailing allowance in interpreting the 1985 amendment to the computation provision of FRCP 6(a).[11] In computing time periods in those cases, the federal decisions have focused on the "period of time prescribed" and determined that it does not include the 3 additional days for mailing under Rule 6(e). Those federal courts have therefore found that the less-than-11-day provision of Rule 6(a) is applicable to 10-day periods even when service is made by mail.

In the first seminal case after the 1985 amendment to FRCP 6, a federal district court in *Nalty v. Nalty Tree Farm* recognized that the amendment "was intended to extend the response time allowed under various rules prescribing ten day limits."[12] The *Nalty* court observed, however, that adding additional time for mailing under Rule 6(e) to create a 13-day time period ultimately resulted in the same amount of time that was allowed before the 1985 amendment because at that time, nonjudicial days were not excluded from the computation of 10-day periods.[13] The court determined that "[s]uch a result cannot be consistent with the obvious intentions of the advisory committee" and declared that "[t]he mailing rule should provide three extra days, in addition to whatever period the party would otherwise have, to reflect the presumed lapse in notice because of service by mail."[14] The *Nalty* court thus held that the 3-day allowance for mailing should be added only after computing the time period under Rule 6(a).[15]

Likewise, in *Lerro v. Quaker Oats Co.*,[16] the Seventh Circuit Court of Appeals addressed this same issue in the context of an objection to a magistrate judge's report and concluded that "the period of time" in Rule 6(a) was not the sum of all allowable periods. The court noted that Rule 6(e) is "designed to give a litigant approximately the same *effective* time to respond whether papers are served by hand or by mail."[17] And the court reasoned that

---

[10]*Id.*

[11]*See, e.g., Nalty v. Nalty Tree Farm*, 654 F. Supp. 1315 (S.D. Ala. 1987); *Tushner v. U.S. Dist. Court for Cent. Dist. of Cal.*, 829 F.2d 853 (9th Cir. 1987); *Lerro v. Quaker Oats Co.*, 84 F.3d 239 (7th Cir. 1996).

[12]654 F. Supp. at 1317.

[13]*Id.*

[14]*Id.*

[15]*Id.* at 1317-18.

[16]84 F.3d 239, 242.

[17]*Id.*

"[t]he only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) first."[18]

In *Tushner v. United States District Court for Central District of California*, the Ninth Circuit Court of Appeals concluded that the 10-day period prescribed for filing a jury demand did not become a 13-day period for purposes of Rule 6(a) as a result of the service-by-mail provision of Rule 6(e).[19] The court stated that Rule 6(e) should not be "construed to render prescribed periods of less than eleven days ineligible for beneficial treatment under Rule 6(a)" and concluded that it "would be anomalous . . . to interpret the rules so that a litigant served by mail would have less time for action than a litigant served personally."[20] Instead, the court held that "[t]he period is calculated first by applying the less-than-eleven-day provision of Rule 6(a), thereby excluding any intervening weekends and legal holidays. After this computation, three additional days are added for mail service under Rule 6(e)."[21]

As we noted in *Custom Cabinet*, federal decisions are not binding on this court.[22] However, "[w]e have previously recognized that federal decisions involving the Federal Rules of Civil Procedure provide persuasive authority when this court examines its rules."[23] On the particular issue of computing time under NRCP 6, the federal decisions discussed above in regard to the federal rule are logically compelling.

Our decisions in *Custom Cabinet* and *Ross* reflect the court's desire to maintain a simple, efficient and uniform system for computing time periods under NRCP 6.[24] However, neither of those cases considered the impact that their computation scheme would have on filing periods subject to the provision in NRCP 6(a) for the exclusion of intermediate nonjudicial days. In light of our recent amendment to NRCP 6(a), which made the nonjudicial-day exclusion applicable to longer time periods, we can no longer reconcile the utility of *Ross* and *Custom Cabinet* with the stifling effect that they have on the intent behind Rule 6(e). Rule 6(e) is intended to provide litigants with additional time when service is made by mail. The computation method we employed in *Custom Cabinet* and *Ross* works contrary to that intent. Using the method employed in those cases after the amendment to Rule 6(a), when a 10-day

[18]*Id.*

[19]829 F.2d at 855-56.

[20]*Id.* (citing *Nalty*, 654 F. Supp. at 1317).

[21]*Id.* at 855-56.

[22]119 Nev. at 54, 62 P.3d at 742-43.

[23]*Nelson v. Heer*, 121 Nev. 832, 122 P.3d 1252, 1253 (2005).

[24]*Custom Cabinet*, 119 Nev. at 55, 62 P.3d at 743.

time period is involved, the party personally served would always have more time to act than a party served by mail.

For example, NRCP 59(b) provides that "[a] motion for a new trial shall be filed no later than 10 days after service of written notice of the entry of the judgment." If a party is personally served with notice of entry, that party has 14 calendar days to file a motion because under NRCP 6(a), the intermediate nonjudicial days would be excluded from the computation. But under the *Ross* and *Custom Cabinet* computation scheme, if that party had been served by mail, that party would only have 13 calendar days to file the same motion because the intermediate nonjudicial days would be included in the computation. And after taking into account the actual time for delivery of mail, a party served by mail would certainly have even less than 13 calendar days to act. This result defeats the purpose of Rule 6(e) and essentially makes the amendment to Rule 6(a) a nullity by converting 10-day time periods into 13-day periods that do not garner the benefit of the amendment. As the Seventh Circuit observed in *Lerro*, "[i]nteractions within a complex set of rules sometimes can have unexpected and unwelcome effects, but we should not create them when the text readily can bear another meaning."[25] We should not do so here in interpreting NRCP 6.

We therefore reverse our decisions in *Custom Cabinet* and *Ross* to the extent that they require that filing periods be computed by adding the 3 days for service by mail under NRCP 6(e) to the prescribed period before applying NRCP 6(a). Consistent with the compelling federal cases discussed above, we hold that the 10-day time period for filing motions for judgment as a matter of law and for a new trial should be calculated first under NRCP 6(a), excluding intermediate Saturdays, Sundays and nonjudicial days. If service was made by mail or electronic means, 3 days should thereafter be added pursuant to NRCP 6(e).

In this case, notice of the judgment's entry was served by mail on Thursday, April 21, 2005. Computing the 10-day time period from this date and excluding intermediate nonjudicial days under NRCP 6(a), extended the deadline for tolling motions to Thursday, May 5, 2005. Adding 3 days at that point for service by mail made Monday, May 9, 2005, the final deadline to file motions for judgment as a matter of law or for a new trial. Appellant's motions were filed before that date, and therefore they were timely filed and effectively tolled the time to appeal. Thereafter, appellant timely filed a notice of appeal within 30 days after service of written notice of entry of the order resolving the tolling motions.[26]

---

[25]84 F.3d at 242.

[26]NRAP 4(a)(4).

Finally, although the motion to dismiss and opposition did not address whether appellant's tolling motions tolled the time to appeal from the post-judgment order awarding attorney fees, because of the ambiguous nature of this area of law and the potential pitfall that it may present to practitioners, we elect to address it sua sponte.[27] The precise issue is whether a tolling motion directed at the final judgment also tolls the time to appeal from a special order after final judgment. This is an issue of first impression in Nevada.

An order awarding attorney fees and costs is substantively appealable as a special order after final judgment.[28] Special orders after final judgment are appealable because they affect the rights of a party growing out of the final judgment.[29] Like an appeal from a final judgment, an appeal from an order awarding attorney fees and costs must be filed no more than 30 days from the date that notice of the order's entry is served.[30]

Here, notice of entry of the order awarding attorney fees and costs was served on appellant on June 10, 2005. However, appellant did not file its notice of appeal until July 29, 2005—well beyond the 30-day time limit allowed under NRAP 4(a)(1). Accordingly, this court only has jurisdiction to consider issues relating to the attorney fees and costs order if the time to appeal from that order was tolled by appellant's motions for judgment as a matter of law and for a new trial.

NRAP 4(a)(4) provides that when a tolling motion is filed, "the time to file a notice of appeal runs for all parties from entry of an order disposing of the last such remaining motion." This court's decisions have evaluated tolling motions in the context of appeals from final judgments.[31] However, because NRAP 4(a)(4) does not

---

[27]See Albios v. Horizon Communities, Inc., 122 Nev. 409, 132 P.3d 1022 (2006); McNair v. Rivera, 110 Nev. 463, 468 n.6, 874 P.2d 1240, 1244 n.6 (1994); Bradley v. Romeo, 102 Nev. 103, 105, 716 P.2d 227, 228 (1986); Western Indus., Inc. v. General Ins. Co., 91 Nev. 222, 229-30, 533 P.2d 473, 478 (1975).

[28]Smith v. Crown Financial Services, 111 Nev. 277, 289 n.2, 890 P.2d 769, 771 n.2 (1995).

[29]See Gumm v. Mainor, 118 Nev. 912, 59 P.3d 1220 (2002).

[30]NRAP 4(a)(1).

[31]See, e.g., Matter of Application of Duong, 118 Nev. 920, 922-23, 59 P.3d 1210, 1212 (2002) (concluding that a timely filed motion to amend or make additional findings of fact tolled the time to appeal from a final judgment denying a petition to seal criminal records); Chapman Industries v. United Insurance, 110 Nev. 454, 457, 874 P.2d 739, 741 (1994) (concluding that timely filed tolling motions tolled the time to appeal from the final judgment); Able Electric, Inc. v. Kaufman, 104 Nev. 29, 31-32, 752 P.2d 218, 220 (1988) (concluding that a motion to alter or amend tolled the time to appeal from the final judgment).

specify from which orders the time to appeal may be tolled, its applicability to post-judgment orders awarding attorney fees and costs is unclear.

In this case, the order awarding attorney fees to respondent was predicated on the final judgment in respondent's favor. There is thus a close connection between the final judgment and the special order after final judgment in that a change to the final judgment would likely result in a change to the special order after final judgment. By definition, any special order after final judgment must be closely related to the judgment. This close connection leads us to conclude that the tolling motions enumerated in NRAP 4(a)(4) apply to both types of orders. Any other interpretation of NRAP 4(a)(4) would result in the appeal of a post-judgment order proceeding in this court while the underlying judgment was still subject to change during the pendency of tolling motions in the district court. Such an effect would not only impede judicial economy and result in piecemeal litigation,[32] but it would also likely be counterintuitive to many legal practitioners and create significant confusion over the time for filing appeals from special orders after final judgment. As we have previously explained, "[t]he filing of a simple notice of appeal was intended to take the place of more complicated procedures to obtain review, and the notice should not be used as a technical trap for the unwary draftsman."[33] Our interpretation of NRAP 4(a)(4) tolling motions should reflect our intent to preserve a simple and efficient procedure for filing a notice of appeal.

We therefore hold that a timely filed tolling motion under NRAP 4(a)(4) tolls the time to appeal from both final judgment and special orders entered after final judgment. Accordingly, this court has jurisdiction to consider the merits of any issues raised in this appeal relating to the award of attorney fees and costs in the district court's June 9, 2005, order.

### CONCLUSION

We reverse our decisions in *Custom Cabinet* and *Ross* to the extent that they require that filing periods be computed by adding 3 days for service by mail under NRCP 6(e) to the prescribed time period before applying NRCP 6(a). Further, we hold that the "period of time prescribed" does not include the 3-day allowance

---

[32]*See, e.g., Hallicrafters Co. v. Moore*, 102 Nev. 526, 728 P.2d 441 (1986).

[33]*Forman v. Eagle Thrifty Drugs & Markets*, 89 Nev. 533, 536, 516 P.2d 1234, 1235 (1973), *overruled on other grounds by Garvin v. Dist. Ct.*, 118 Nev. 749, 751, 59 P.3d 1180, 1181 (2002).

for service by mail under NRCP 6(e) and that time periods should be calculated first under NRCP 6(a) before adding time under NRCP 6(e). Using this method of computation, we conclude that appellant's motions for judgment as a matter of law and for new trial were timely filed and thus effectively tolled the time to appeal. As a result, appellant's notice of appeal was timely filed. Accordingly, we deny respondent's motion to dismiss.

We further hold that timely motions listed under NRAP 4(a)(4) toll both the time to appeal from the final judgment and the time to appeal from a special order entered after final judgment. Accordingly, this court also has jurisdiction to consider the merits of appellant's appeal from the district court's order awarding attorney fees and costs in favor of respondent.

MAUPIN and GIBBONS, JJ., concur.