# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUNIPER MARIE HOLLY; AND JOHN
HOLLY,
Appellants,
vs.
RAMIRO ARRIETA,
Respondent.

No. 67591

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court judgment on an arbitration award. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Respondent filed a complaint for negligence against appellants arising from a car accident. After the case was assigned to mandatory non-binding arbitration, the arbitrator issued an award, which was served by mail on October 29, 2014. Appellants filed a request for a trial de novo on December 2, 2014. The ADR Commissioner determined that the request was untimely. The district court agreed and entered a judgment on the arbitration award. This appeal followed.

A request for a trial de novo must be filed "[w]ithin 30 days after the arbitration award is served upon the parties." NAR 18(A). The 30-day period is jurisdictional. NAR 18(B). On appeal, the parties dispute the manner in which this 30-day period is calculated. Appellants advocate for using the methodology set forth in *Winston Products Company, Inc. v. DeBoer*, 122 Nev. 517, 524, 134 P.3d 726, 731 (2006), by calculating the 30-day period first and adjusting for any nonjudicial days under NRCP 6(a), and then adding 3 days to that period when the decision is served by mail under NRCP 6(e). Under appellants' method, the last day to file their request for a trial de novo was December 4, 2014. Respondent argues that the holding in *Winston* does not apply to time periods greater than 10 days, and that by adding 3 days directly to the 30-day period before

16-11852

calculating it under NRCP 6(a), the last day to file the request was December 1, 2014.

NRCP 6(a) governs the computation of any period of time prescribed by the rules and states that "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or non-judicial day, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a nonjudicial day." *See* NAR 4(D) (applying the NRCP to the calculation of time under the arbitration rules). When service of the order or judgment is accomplished by mail or electronic means, "3 days shall be added to the prescribed period" under NRCP 6(e). In *Winston*, this court held that the prescribed period should be calculated and adjusted for nonjudicial days under NRCP 6(a) first, and then followed by the addition of 3 days for service by mail or electronic means under NRCP 6(e). 122 Nev. at 524, 134 P.3d at 731.

Although the facts in *Winston* involved NRCP 6(a)'s exclusion of intermediate nonjudicial days when computing the 10-day period for filing post-judgment tolling motions, *see* 122 Nev. at 518-19, 134 P.3d at 727, we conclude that the holding applies equally to the 30-day period in this case. In *Winston*, this court revisited a prior decision in *Custom Cabinet Factory of New York, Inc. v. Eighth Judicial District Court*, 119 Nev. 51, 55, 62 P.3d 741, 743 (2003), in which this court had added 3 days for service by mail under NRCP 6(e) to the 30-day period for requesting a trial de novo before computing the time period under NRCP 6(a). *Winston*, 122 Nev. at 521, 523-24, 134 P.3d at 730-31. The *Winston* court expressly overruled *Custom Cabinet* to the extent it required "that filing periods be computed by adding the 3 days for service by mail under NRCP 6(e) to the prescribed period before applying NRCP 6(a)." *Winston*, 122 Nev. at 524,

 

134 P.3d at 731. Thus, this court implicitly rejected the interpretation advocated by respondent in this case.

In applying the *Winston* methodology here, the arbitration award was served on October 29, 2014, and 30 days from then was November 28. *See* NAR 18(A). November 28 was a nonjudicial day,[1] and thus, the 30-day period extended until the following Monday, December 1, under NRCP 6(a). Because the arbitration award was served by mail, 3 days are added to the period under NRCP 6(e), and appellants thus had until December 4 to file their request for a trial de novo. Consequently, appellants' request for a trial de novo filed on December 2 was timely, and the district court erred in determining otherwise and entering a judgment on the arbitration award. *See Watson Rounds, P.C. v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 79, 358 P.3d 228, 231 (2015) (providing de novo review of the district court's interpretation of a statute or the NRCP). Accordingly, we reverse the judgment on the arbitration award and remand for further proceedings.[2]

It is so ORDERED.

_____, J.
Douglas

_____, J.        _____, J.
Cherry                     Gibbons

---

[1]Friday, November 28, 2014, was Family Day, a legal holiday under NRS 236.015(1).

[2]Given our conclusion, it is unnecessary to reach appellants' other arguments that service was completed on October 30 or that the ADR Commissioner exceeded his authority in ruling on the timeliness of the trial de novo request under NAR 18.

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
John Walter Boyer, Settlement Judge
GEICO Staff Counsel
Morris Anderson
Eighth District Court Clerk