# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISAAC LEWIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75136

FILED

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, burglary, two counts of robbery with use of a deadly weapon, burglary while in possession of a firearm, battery with use of a deadly weapon resulting in substantial bodily harm, attempted murder with use of a deadly weapon, and preventing or dissuading a witness from testifying.[1] Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Isaac Lewis raises three main contentions on appeal.

Lewis first argues that the district court abused its discretion and violated his constitutional rights when it denied his motions to continue the trial. We disagree. Not only was the need for a continuance Lewis' fault as he vacillated between wanting to represent himself and wanting appointed counsel, *see Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007) (considering whether a continuance was the defendant's fault when deciding if the district court abused its discretion); *see also Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010) ("Each case turns on its own particular facts, and much weight is given to the reasons offered to the trial

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38171

judge at the time the request for a continuance is made."), but Lewis also fails to demonstrate prejudice resulting from the court's denial, *see Higgs*, 126 Nev. at 9, 222 P.3d at 653 ("[I]f a defendant fails to demonstrate that he was prejudiced by the denial of the continuance, then the district court's decision to deny the continuance is not an abuse of discretion."). Indeed, although Lewis contends that appointed counsel was unprepared to move forward with trial, he does not identify what additional witnesses or evidence he would have pursued had the district court granted the continuance or how such evidence would have affected the jury's verdict.[2]

Second, Lewis challenges the joinder of offenses, and further argues that the district court abused its discretion by denying his motion to sever. We disagree. With regard to joinder, it was appropriate because the acts charged evinced a common scheme: the incidents occurred during the span of a few weeks; involved the same weapons and vehicle; and occurred at retail stores (Undefeated, Wal-Mart, and Old Navy). *See* NRS 173.115(1)(b) (allowing for joinder of offenses that constitute "parts of a common scheme"); *see also Farmer v. State*, 133 Nev. 693, 699-700, 405 P.3d 114, 120-21 (2017) (defining common scheme and explaining that the offenses are not required to be identical to be joined under NRS 173.115). With regard to severance, Lewis fails to demonstrate that he would be unduly prejudiced by the joinder of charges as evidence of all the offenses

---

[2]Lewis also argues that *Williams v. Steward*, 441 F.3d 1030, 1056 (9th Cir. 2006), requires federal district courts to consider certain factors when considering continuance motions, but that decision is not binding on this court. *See Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 523, 134 P.3d 726, 730 (2006). We also reject Lewis' argument that *Colgain v. State*, 102 Nev. 220, 719 P.2d 1263 (1986), warrants a reversal based on the court's denial of the continuance motion as the facts therein are distinguishable from the facts presented here.

would be cross-admissible to prove identity and intent—the same knife and revolver were used in the crimes; a unique hat, sold only at Undefeated stores, was worn by Lewis in the Wal-Mart robbery; and the same vehicle was present in the Wal-Mart and Old Navy robberies, and the Undefeated shooting. *See* NRS 174.165 (providing district courts discretion to order separate trials where it appears that a defendant will be prejudiced by a joinder of offenses); *Farmer*, 133 Nev. at 700, 405 P.3d at 121 (providing that, even if offenses are properly joined, the district court should order separate trials "if it appears that the defendant will be unduly prejudiced"); *see also Middleton v. State*, 114 Nev. 1089, 1108, 968 P.2d 296, 309 (1998) (pointing to the cross-admissibility of evidence as indicative of the lack of undue prejudice against the defendant). Without any evidence of prejudice resulting from the joinder, we conclude that the district court did not abuse its discretion in denying Lewis' motion to sever. *See Tabish v. State*, 119 Nev. 293, 302, 72 P.3d 584, 589-90 (2003) (reviewing a district court's decision on a motion to sever for an abuse of discretion).

Third, Lewis argues that the State's failure to correct a cellmate's false testimony regarding the benefit he received in exchange for his testimony against Lewis was plain error warranting reversal. We disagree because Lewis failed to demonstrate that the cellmate's testimony was false. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) (providing that it is a constitutional violation for the State to obtain a conviction through the knowing use of false evidence or failing to correct false evidence); *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) (noting that the first element for a successful *Napue* claim is demonstrating that "the testimony . . . was actually false"); *see also Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (defining plain-error as an error affecting a defendant's

substantial rights by causing actual prejudice, a miscarriage of justice, or a grossly unfair outcome).  Moreover, nothing in our review of the record supports Lewis' contention that the cellmate's testimony was "actually false." *Jackson*, 513 F.3d at 1071.

We therefore,

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Stiglich

_____, Sr. J.
Douglas

cc:  Hon. Carolyn Ellsworth, District Judge
     The Law Offices of William H. Brown, Ltd.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[3]Senior Justice Douglas participated in this case under a general order of assignment.