HOLIDAY INN DOWNTOWN, APPELLANT, v. DOROTHY BARNETT, RESPONDENT.

No. 16638

February 26, 1987                    732 P.2d 1376

---

*Jerry Collier Lane,* Las Vegas, for Appellant.

*Dennis A. Kist,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from orders of the district court affirming the decision of an appeals officer in a worker's compensation case and denying appellant's motion to vacate the order affirming the decision of the appeals officer.[1]

On June 24, 1982, respondent was raped while working as a maid for appellant. On June 25, 1982, respondent filed an injury report regarding that incident. On June 30, 1982, William White, a California attorney, informed appellant that respondent had retained White to represent her in her worker's compensation claim. The letter also requested that all correspondence regarding respondent's claim be forwarded to White's Beverly Hills office. Thereafter, appellant determined that respondent's injuries were compensable, and paid her medical and temporary total disability benefits.

On April 6, 1983, appellant sent respondent a letter advising her that her claim was closed and that she had thirty days within

---

[1]Based on our review of the record and the briefs, we conclude that oral argument is unwarranted, and we therefore proceed to resolve this appeal. NRAP 34(f)(1).

which to appeal that decision. That letter, however, was not sent to White's office; rather, it was sent to respondent's home address. It is undisputed that appellant *never* sent any notice of the closure of respondent's claim to attorney White.

On May 11, 1983, thirty-five days after the notice of closure was sent to respondent's home, White filed a written notice of respondent's intent to appeal the closure of her claim. On July 21, 1983, the hearing officer determined that respondent's notice of appeal was untimely. Consequently, the hearing officer dismissed respondent's appeal for lack of jurisdiction.

On August 17, 1983, respondent appealed the decision of the hearing officer to an appeals officer. On January 25, 1984, counsel for appellant sent a letter to the appeals officer, advising him of certain objections to a proposed decision submitted by White. Again, however, counsel for appellant did not send a copy of that letter to White; instead, it sent a copy to respondent's home address. On January 28, 1984, the appeals officer entered a decision reversing the hearing officer's dismissal of respondent's appeal. In that decision, the appeals officer specifically noted that appellant had failed to notify respondent's attorney of the closure of respondent's claim. Because the appeals officer concluded that respondent's attorney was entitled to notice of the closure of respondent's claim, the appeals officer determined that the time for filing respondent's notice of appeal never commenced.

On February 13, 1984, appellant filed a petition for judicial review of the appeals officer's decision. *See* NRS 233B.130. Again, the certificate of mailing attached to that document reveals that respondent's attorney was not served with a copy of that document; rather, it reflects that respondent was sent two copies of the petition with the notation "one for advisor." Appellant subsequently filed a motion to submit its petition for judicial review for decision. Appellant contended that respondent abandoned her right to oppose the petition because she had failed to file a response to the petition. Appellant also contended that the appeals officer lacked jurisdiction to issue his decision because the hearing officer did not entertain respondent's appeal on the merits. Again, appellant served only respondent with a copy of its motion.

On March 15, 1985, and March 27, 1985, respondent, through Nevada counsel, filed responses to appellant's motion to submit its petition. Respondent asserted that she never received a copy of appellant's petition for judicial review, and that the first notice she had of that petition was when she received a copy of appellant's motion to submit the matter. Respondent then pointed out that the certificate of mailing attached to appellant's petition indicates that it was served on January 7, 1984, thirty-seven days before the petition was actually filed. In light of these facts,

respondent argued that appellant's office procedure may have broken down and that appellant's petition might not have been mailed to her. Respondent further argued that the appeals officer was not deprived of jurisdiction to enter his decision simply because the hearing officer did not entertain the merits of respondent's appeal. Finally, respondent argued that appellant's petition was frivolous.

On April 1, 1985, the district court held a hearing on appellant's motion to submit its petition. The district court affirmed the decision of the appeals officer, concluding it was neither clearly erroneous nor an abuse of discretion. Appellant did not file a notice of appeal from the order affirming the decision of the appeals officer. Instead, appellant filed a "motion to vacate void order." On June 13, 1985, the district court entered an order denying the motion to vacate. That order also awarded respondent attorney's fees in the amount of $250.00. This appeal followed.

Preliminarily, we note this appeal contains a jurisdictional defect. The notice of appeal in this case was filed on July 8, 1985, and states that this appeal is taken from "the final judgment in this judicial review proceeding entered herein on the 13th day of June, 1985." The order of June 13, 1985, however, is not the final judgment in this matter; rather, that order denied appellant's post-judgment motion to vacate the court's previous order of April 3, 1985, affirming the decision of the appeals officer. NRAP 4(a) requires the notice of appeal to be filed "within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from." In the present case, written notice of entry of the order of April 3, 1985, was mailed to appellant on April 5, 1985. Further, appellant's motion to vacate that order pursuant to NRCP 60(b)(3) did not toll the time within which to file its notice of appeal. *See* NRAP 4(a). Thus, on July 8, 1985, when appellant filed its notice of appeal, the thirty day period set forth in NRAP 4(a) had already expired. Consequently, we lack jurisdiction to entertain this appeal insofar as it challenges the lower court's order of April 3, 1985. *See* Walker v. Scully, 99 Nev. 45, 657 P.2d 94 (1983). Our review of this appeal shall therefore be limited to the propriety of the order of June 13, 1985, denying appellant's motion to vacate the order of April 3, 1985, pursuant to NRCP 60(b)(3). *See, e.g.,* Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956).

Appellant first contends that the hearing officer correctly determined that he lacked jurisdiction in this matter because respondent failed to file a timely notice of appeal from the closure of her claim. *See* SIIS v. Partlow-Hursh, 101 Nev. 122, 696 P.2d 462

(1985). Appellant therefore asserts that neither the appeals officer nor the district court had jurisdiction to enter their orders reversing the determination of the hearing officer. Accordingly, appellant argues that the district court erred when it denied appellant's motion to vacate. We disagree.

NRS 616.567(2) provides that a claimant in a worker's compensation case must appeal the closure of his claim within thirty days after the date that notice of the insurer's intent to close the claim was mailed. In the present case, however, appellant had notice that respondent was represented by counsel and that counsel had requested that all correspondence regarding respondent's claim be sent to his office. Nevertheless, appellant failed to send notice of the closure of respondent's claim to her attorney as required by NRCP 5(b). *See also* SCR 182 (formerly DR 7-104(A)(1)).[2] Therefore, under the circumstances of this case, we hold that the time limit within which respondent was obligated to challenge the closure of her claim never commenced. The district court, therefore, correctly affirmed the decision of the appeals officer.

Appellant next contends that, in a worker's compensation case, the district court may impose attorney's fees against a party only if it finds that a petition for judicial review is frivolous. *See* NRS 616.544. Appellant asserts that the district court did not expressly determine that the petition for judicial review was frivolous and that, therefore, the district court lacked jurisdiction to impose attorney's fees in this case. We disagree. Although the district court did not expressly state that appellant's motion to vacate was frivolous, such a finding may clearly be implied from the district court's award of attorney's fees. *See* IAMA Corp. v. Wham, 99 Nev. 730, 669 P.2d 1076 (1983). Therefore, the district court did not err when it awarded attorney's fees to respondent. Accordingly, we affirm the order of the district court denying appellant's motion to vacate and awarding fees.

Moreover, we conclude that appellant's conduct throughout the course of this dispute has been reprehensible. In particular, throughout most of these proceedings appellant ignored the fact

_____

[2]DR 7-104(A)(1), the predecessor to SCR 182, was in effect at all times relevant to the proceedings below, and provided:

> (A)   During the course of his representation of a client a lawyer shall not:
> (1)   Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so.

that respondent was represented by counsel and therefore engaged in a series of direct communications with respondent. Such conduct was expressly forbidden by DR 7-104(A)(1). Further, by refusing to communicate with respondent's counsel, appellant failed to comply with NRCP 5(b), which mandates that where a party knows that an opposing party is represented by counsel, service of process must be effected on the attorney representing the opposing party. Finally, we note that appellant's motion to vacate was frivolous, and we conclude that this appeal was taken solely for purposes of delay. Therefore, appellant shall pay respondent $2,500.00 as and for the attorney's fees she incurred in this appeal; further, appellant shall pay respondent an amount equal to double the costs she incurred in this appeal. *See* NRAP 38; Imperial Palace v. Dawson, 102 Nev. 88, 715 P.2d 1318 (1986). Appellant shall have thirty (30) days from the date of this opinion within which to make the payment specified above, and to provide proof of such payment to the clerk of this court.