FRANK MILFORD PECK, APPELLANT, v.
LESLIE ELLEN CROUSER, RESPONDENT.

No. 59258

February 28, 2013                                   295 P.3d 586

---

*Frank Milford Peck*, Indian Springs, in Proper Person.

*Leslie Ellen Crouser*, Reno, in Proper Person.

Before the Court En Banc.

## OPINION

By the Court, GIBBONS, J.:

In this appeal, we consider whether this court has jurisdiction to review an appeal from a post-judgment district court order declaring a party to be a vexatious litigant. Because we conclude that we do not have jurisdiction over such an order, and because this appeal appears untimely as to the final judgment, we dismiss this appeal.

### PROCEDURAL BACKGROUND

In the district court, appellant Frank Milford Peck filed a civil complaint, which respondent Leslie Ellen Crouser moved to dismiss. Respondent also filed a motion for an order declaring appellant a vexatious litigant. The district court granted the motion to dismiss on June 10, 2011, and the district court docket sheet shows that notice of entry of the dismissal order was filed on the same day. No notice of appeal was filed at that time.

The district court subsequently entered an order on August 30, 2011, declaring appellant to be a vexatious litigant and ordering that appellant must submit for court review any future proposed filings seeking relief against respondent. Notice of entry of that order was served on September 2, 2011. Appellant's notice of appeal was then filed on September 21, 2011. The notice of appeal was therefore untimely as to the order of dismissal, but timely as to the vexatious litigant order. *See* NRAP 4(a)(1). As a result, we must determine whether the vexatious litigant order is substantively appealable.[1] In doing so, we first briefly discuss the purpose and effect of vexatious litigant orders before turning to whether this court is authorized to review such orders on appeal.

### DISCUSSION

*Vexatious litigant orders generally*

A "vexatious litigant" is one "who repeatedly files frivolous lawsuits." *Black's Law Dictionary* 952 (8th ed. 2004). In order to deter such conduct, this court has approved of the use of sanctions, including limiting by order a vexatious litigant's right to access the courts. *See Jordan v. State, Dep't of Motor Vehicles*, 121 Nev. 44, 58-60, 110 P.3d 30, 41-42 (2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6,

---

[1]This court may consider jurisdictional issues sua sponte. *Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011).

181 P.3d 670, 672 n.6 (2008). Restrictions imposed by vexatious litigant orders may include prohibiting the litigant from filing future actions against a particular party or barring the litigant from filing any new action without first demonstrating to the court that the proposed case is not frivolous. *See id.*

While we have previously reviewed the propriety of interlocutory vexatious litigant orders challenged in the context of an appeal from a final judgment, *see Jordan*, 121 Nev. 44, 110 P.3d 30, we have not yet addressed our jurisdiction to consider an appeal from a post-judgment vexatious litigant order. This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984). NRAP 3A(b) sets forth the judgments and orders that are subject to appeal in this court. Our review of NRAP 3A(b) reveals two types of appealable orders that could arguably provide a basis for this court to exercise jurisdiction over post-judgment vexatious litigant orders: special orders entered after final judgment, *see* NRAP 3A(b)(8), and orders granting injunctions.[2] *See* NRAP 3A(b)(3). We address each of these in turn.

*Basis for this court to exercise jurisdiction over post-judgment vexatious litigant orders*

*Special order entered after final judgment*

An appealable special order entered after final judgment is "an order affecting the rights of some party to the action, growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment."[3] *Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002); *see also* NRAP 3A(b)(8). Vexatious litigant orders inhibiting a party's ability to submit court filings without particular restrictions do not affect the party's rights arising out of a judgment because the party's right of access to the

---

[2]While an appeal from a judgment or order not identified in NRAP 3A(b) may be authorized by statute, *see, e.g.*, NRS 340.210(1) (permitting an appeal from certain interlocutory orders entered in eminent domain actions), no such statute provides authority for this court to exercise jurisdiction over an appeal from a vexatious litigant order.

[3]When *Gumm* was decided, special orders made after final judgment were appealable under NRAP 3A(b)(2). Effective July 1, 2009, NRAP 3A was reorganized, such that special orders entered after final judgment are now appealable under NRAP 3A(b)(8). ADKT No. 381 (Order Amending the Nevada Rules of Appellate Procedure, December 31, 2008). No substantive alteration was made to NRAP 3A in the 2009 amendment. *Id.*

courts does not arise out of a judgment in an action, but instead, arises out of the United States and Nevada Constitutions, case authority, statutes, and court rules. *See, e.g.,* NRCP 2 (providing for a civil action); *Jordan,* 121 Nev. at 55-56, 110 P.3d at 39 (discussing the constitutional right of access to the courts). Thus, a post-judgment vexatious litigant order is not appealable under NRAP 3A(b)(8) as a special order entered after final judgment. *See Gumm,* 118 Nev. at 920, 59 P.3d at 1225.

### *Injunction*

An injunction is "[a] court order commanding or preventing an action." *Black's Law Dictionary* 800 (8th ed. 2004). Because vexatious litigant orders restrict a party's conduct, courts in other jurisdictions have treated such orders as injunctions and found them to be appealable on this basis. *See In re Oliver,* 682 F.2d 443, 445 (3d Cir. 1982); *Riffin v. Baltimore County,* 985 A.2d 612, 620, 623 (Md. Ct. Spec. App. 2010); *Pandozy v. Beaty,* 254 S.W.3d 613, 618 (Tex. App. 2008). In Nevada, however, injunctions are governed by NRCP 65, which sets forth the procedure for seeking an injunction and the form that an order granting an injunction must take. Because vexatious litigant orders are not subject to the provisions of NRCP 65, they are not injunctions appealable under NRAP 3A(b)(3).

### *CONCLUSION*

As vexatious litigant orders are not independently appealable under NRAP 3A(b) or any statutory provision, we lack jurisdiction to review an appeal from such an order. *See Taylor Constr. Co.,* 100 Nev. 207, 678 P.2d 1152. Thus, we conclude that post-judgment vexatious litigant orders may only be challenged by filing an original petition for writ relief pursuant to NRS Chapter 34. *Cf. Pengilly v. Rancho Santa Fe Homeowners,* 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (explaining that, because no statute or rule authorizes an appeal from an order of contempt, such orders must be challenged through a petition for writ relief). We further conclude that writ relief is the appropriate vehicle to review vexatious litigant orders because review of such orders will involve whether the district court manifestly abused its discretion, such as where the district court fails to follow the clearly established procedures for imposing a vexatious litigant order, *see Jordan,* 121 Nev. at 58-62, 110 P.3d at 41-44 (outlining the procedures for imposing vexatious litigant orders and providing that this court reviews such orders for an abuse of discretion); *see also* NRS 34.160; *International Game Tech. v. Dist. Ct.,* 124 Nev. 193, 197, 179 P.3d 556,

558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." (footnotes omitted)), or to prevent the district court from acting in the absence of jurisdiction. *See* NRS 34.320; *Smith v. District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that a writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction).

Because we lack jurisdiction over this appeal, we dismiss it.

PICKERING, C.J., and HARDESTY, PARRAGUIRRE, DOUGLAS, CHERRY, and SAITTA, JJ., concur.