130 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DARRYL L. JONES,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>DOUG SMITH, DISTRICT JUDGE,<br>Respondents,<br>    and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 63303<br><br>**FILED**<br><br>JUL 0 3 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

Original proper person petition for a writ of mandamus challenging a district court order labeling petitioner a vexatious litigant and restricting his access to the courts.

*Petition granted.*

Darryl L. Jones, Indian Springs,
in Proper Person.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Steven S. Owens, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

BEFORE HARDESTY, DOUGLAS and CHERRY, JJ.

14-21714

*OPINION*

By the Court, DOUGLAS, J.:

In considering this petition, we address whether the district court has the authority to restrict a criminal defendant's access to the courts in order to challenge a judgment of conviction and sentence or the computation of time served under a judgment of conviction and, if so, what approach courts should take when restricting that access.

Petitioner Darryl Jones filed a timely post-conviction petition for a writ of habeas corpus challenging his judgment of conviction and sentence, his first such petition. Jones represented himself in the post-conviction proceeding. Based on motions filed by Jones, including a motion for the appointment of post-conviction counsel, the district court determined that Jones was a vexatious litigant and issued an order restricting Jones' ability to file further documents in the district court. Jones filed this original petition to challenge that order.

This court has held that a district court has authority to label indigent proper person civil litigants as vexatious litigants and to restrict their access to the courts. *Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 121 Nev. 44, 59, 110 P.3d 30, 41-42 (2005), *abrogated on other grounds by Buzz Stew, L.L.C. v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). It has not addressed restrictive orders that prohibit a litigant from challenging a judgment of conviction or the litigant's custody status pursuant to a judgment of conviction. We conclude that the district court may restrict a litigant from filing petitions and motions that challenge a judgment of conviction or the litigant's custody status pursuant to a judgment of conviction and that the guidelines set forth in *Jordan* adequately protect a litigant's rights while

 

providing instruction for the district courts as to when a restrictive order is warranted and the proper scope of a restrictive order. A court imposing access restrictions on a vexatious litigant with respect to filings that involve post-conviction challenges to a judgment of conviction or computation of time served pursuant to a judgment of conviction must: (1) provide notice of and an opportunity to oppose the proposed restrictions; (2) create an adequate record that includes a list of the filings or other reasons that led it to conclude that a restrictive order is needed, including consideration of other less onerous sanctions to curb the repetitive or abusive activities; (3) make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) narrowly tailor the restrictions to address the specific problem and set an appropriate standard by which to measure future filings. Under the facts presented in this case, we conclude that the district court acted arbitrarily and capriciously when it determined that Jones was a vexatious litigant and entered an order restricting his access to the court. We therefore grant the petition.

## FACTS AND PROCEDURAL HISTORY

Jones was convicted, pursuant to a jury verdict, of five counts of burglary, one count of attempted theft, five counts of obtaining and using the personal identification information of another, four counts of theft, two counts of grand larceny auto, two counts of obtaining property under false pretenses, and one count of possession for sale of a document or personal identifying information to establish false status or identity. He was sentenced to a total of approximately 51 to 134 years in prison. On direct appeal, this court reversed the judgment of conviction as to four counts but affirmed as to the remaining counts. *Jones v. State*, Docket No.

Supreme Court
OF
Nevada

(O) 1947A

3

55508 (Order Affirming in Part, Reversing in Part, and Remanding, November 5, 2010).

After his appeal, Jones filed a timely post-conviction petition for a writ of habeas corpus on December 21, 2010. At the time, he was not represented by counsel. He filed amendments to the petition in proper person on January 24, 2011, and February 3, 2011.

Jones filed in proper person a motion for the production of documents on April 14, 2011, and a motion to extend his prison copy limit on April 20, 2011. On April 28, 2011, the State filed a consolidated opposition and a request for vexatious litigant determination. At a hearing held on May 11, 2011, regarding Jones' motion for the production of documents, the district court stated in passing that Jones was a vexatious litigant and that he would be referred to the chief judge for an official determination. Jones was not present at this hearing, nor was he represented by counsel at the hearing.

A cursory order designating Jones a vexatious litigant was entered on June 16, 2011. The order lists four orders as proof that Jones is a vexatious litigant: a March 14, 2011, order denying Jones' motion for the appointment of counsel; a May 2, 2011, order denying Jones' motion to extend prison copy work and motion for the production of documents; a May 9, 2011, order denying Jones' post-conviction petition for a writ of habeas corpus;[1] and the order finding that Jones was a vexatious litigant.

---

[1]On March 7, 2011, the district court issued a minute order vacating Jones' petition because it exceeded the department's 20-page limit and informed Jones that he needed to comply with the limit and refile. Jones filed a notice of appeal. Because the district court had not yet entered a written order, we directed the district court to do so. The district court then entered a written "Order Vacating Hearing on Defendant's Petition

*continued on next page...*

It further states in a conclusory fashion that Jones' filings have not been made in good faith and that they have been filed solely for the purpose of harassing the State and the district court. Finally, the order states "that all future filings by defendant in this matter are referred to the Chief Judge for review and approval before they may come before this Department." Jones filed this petition for a writ of mandamus to challenge the order designating him as a vexatious litigant and restricting his access to the court.

## DISCUSSION

Mandamus is an extraordinary remedy, and the decision to entertain a petition for a writ of mandamus rests within our discretion. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982); *see also State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983). We have indicated that mandamus is the appropriate vehicle for challenging orders that restrict a litigant's access to the courts. *Peck v. Crouser*, 129 Nev. ___, ___, 295 P.3d 586, 588 (2013). Because Jones has no other remedy at law and the petition raises an important issue involving his right to access the courts, we exercise our

---

*...continued*
for a Writ of Habeas Corpus" on July 13, 2011. The written order stated that the petition was unreasonably and excessively lengthy, and contained grounds that were not relevant, discernible, or cognizable by the district court. The order further indicated that Jones was required to refile his petition before the district court would consider it. This court reversed the district court order and remanded for the district court to consider the petition on the merits. *Jones v. State*, Docket No. 58052 (Order of Reversal and Remand, September 14, 2011). We also suggested that the district court should appoint post-conviction counsel to represent Jones, which it did on October 14, 2011.

discretion to entertain the petition. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 779-80 (2011).

In 2005, in a civil case, this court recognized that Nevada courts have "the power to permanently restrict a litigant's right to access the courts," *Jordan v. State ex rel. Dep't of Motor Vehicles & Public Safety*, 121 Nev. 44, 59, 110 P.3d 30, 41-42 (2005), and approved procedures to guide courts in determining whether to restrict a litigant's access to the courts and in narrowly tailoring a restrictive order, *id.* at 60-62, 110 P.3d at 42-44. The court also recognized that constitutional considerations preclude courts from imposing a complete ban on filings by an indigent proper person litigant "if the ban prevents the litigant from proceeding in criminal cases and in original civil actions that sufficiently implicate a fundamental right." *Id.* at 62, 110 P.3d at 43. *Jordan* did not discuss the propriety of restrictive orders that limit filings that challenge a judgment of conviction or the computation of time served pursuant to a judgment of conviction.

While Nevada has not considered restrictive orders in the criminal or post-conviction context, many other jurisdictions have concluded that the courts may issue restrictive orders to curb repetitive or abusive activities by litigants in challenging a judgment of conviction. Courts in some jurisdictions have determined that they have the inherent authority to impose sanctions and that injunctive restrictions on filings by vexatious litigants are necessary and prudent to curb conduct that would impair the rights of other litigants and the court's ability to carry out its functions. *See Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997); *Carter v. United States*, 733 F.2d 735, 737 (10th Cir. 1984); *Rivera v. State*, 728 So. 2d 1165, 1166 (Fla. 1998); *Howard v. Sharpe*, 470 S.E.2d

SUPREME COURT
OF
NEVAOA

(O) 1947A

6

678, 680 (Ga. 1996). Other states, like Ohio, have vexatious-litigant statutes that allow courts to find criminal defendants filing post-conviction petitions for writs of habeas corpus to be vexatious litigants.[2] *See* Ohio Rev. Code Ann. § 2323.52; *Baumgartner v. Duffey*, 904 N.E.2d 534, 535 (Ohio 2009) (applying Ohio Rev. Code Ann. § 2323.52 to petitions for writs of habeas corpus).

Although Nevada does not have a specific vexatious-litigant statute, we conclude that the district courts have inherent authority to issue orders that restrict a litigant's filings that challenge a judgment of conviction and sentence if the court determines that the litigant is vexatious. Similar to the federal and state courts and this court's conclusions in *Jordan*, the authority to issue a restrictive order is based on the fact that the courts are constitutionally authorized to issue all writs proper and necessary to complete the exercise of their jurisdiction and that "courts possess inherent powers of equity and of control over the exercise of their jurisdiction." *Jordan*, 121 Nev. at 59, 110 P.3d at 41 (citing Nev. Const. art. 6 §§ 4, 6(1)). The filing of numerous petitions and other motions challenging a judgment of conviction and sentence takes up significant judicial resources, and the use of restrictive orders may help curb vexatious behavior and preserve scarce judicial resources. But the right to access the courts is an important constitutional concern, *Sullivan v. Eighth Judicial Dist. Court*, 111 Nev. 1367, 1372, 904 P.2d 1039, 1042

---

[2]Texas and California also have vexatious-litigant statutes but, based on the language of the statutes, have concluded that their statutes only apply to civil cases and that post-conviction petitions for a writ of habeas corpus are more criminal in nature than civil. *See Aranda v. District Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006); *In re Bittaker*, 64 Cal. Rptr. 2d 679, 683 (Ct. App. 1997).

(1995), and one that should not be restricted as a sanction for vexatious litigation without careful consideration. These competing interests must be carefully balanced, particularly where the restrictive order would limit a litigant's access to the courts in order to challenge a judgment of conviction and sentence. We conclude that the four-step analysis set forth in *Jordan* provides the appropriate balance between the litigant's right to access the courts to challenge a judgment of conviction and sentence and the public's interest in protecting scarce judicial resources from repetitious and vexatious litigation. *See generally Jordan*, 121 Nev. at 60 & n.27, 110 P.3d at 42 & n.27.

The first part of the analysis "protects the litigant's due process rights." *Id*. at 60, 110 P.3d at 43. Thus, "the litigant must be provided reasonable notice of and an opportunity to oppose a restrictive order's issuance." *Id*. at 60, 110 P.3d at 42.

The second part of the analysis focuses on the record supporting a restrictive order. The district court must create an adequate record for review that includes a list of the petitions or motions, or an explanation of the reasons, "that led it to conclude that a restrictive order was needed to curb repetitive or abusive activities." *Id*. at 60, 110 P.3d at 43. In the context of restrictive orders that preclude a litigant from filing documents that challenge a judgment of conviction and sentence, the district court must also consider whether there are other, less onerous sanctions available to curb the repetitive or abusive activities. *See id*. at 60, 110 P.3d at 42 ("[W]e note a general reluctance to impose restrictive orders when standard remedies like sanctions are available and adequate to address the abusive litigation."). There are several standard remedies available to district courts to curb abusive litigation challenging a

judgment of conviction and sentence.[3] If a litigant is filing a second or successive petition and raises the same claims that have been previously determined on the merits or raises claims that are new or different from those previously raised, the district court has the authority to summarily dismiss the petition without ordering the State to respond. *See* NRS 34.810(2); NRS 34.745(4). Another available sanction is to refer the litigant to the Department of Corrections for the forfeiture of credits previously earned. *See* NRS 209.451(1)(d), (5) (providing for the forfeiture of credits if an inmate files a petition for a writ of habeas corpus in state or federal court that contains a claim or defense that is included for an improper purpose, is not warranted by existing law or does not argue for a reasonable change in the law, or contains allegations not supported by evidence); *see also* Nev. Dep't of Corr. Admin. Regulation 707.02(5) (2010) (setting forth that it is a major violation (MJ 48) of the prison rules to violate a rule of court, submit false documents, violate the rules of civil, criminal, or appellate procedure, or to receive sanctions or warning for any such action from any court). Therefore, the district court should consider whether there are other standard remedies that are available and

---

[3]We note that in Nevada there is no fee for filing a post-conviction petition for a writ of habeas corpus, NRS 34.724(1), and district court clerks cannot charge a filing fee that is not authorized by law, NRS 19.070; *see also* NRS 19.013(5) (stating that no filing fee may be charged to any defendant or the defendant's attorney in any criminal case or in habeas corpus proceedings); NRS 2.250(1)(d) (stating that the supreme court clerk cannot charge a filing fee in any action where the State is a party, or where the appeal is from a habeas corpus proceeding that is criminal in nature or where an appeal is taken from a criminal proceeding or from a special proceeding arising out of a criminal proceeding). As a result, Nevada courts cannot use a filing fee to curb abusive post-conviction litigation.

adequate to curb the abusive litigation before entering a restrictive order preventing the filing of a petition or motion.

The third part of the analysis focuses on whether the litigant's actions identified by the district court in the second part of the analysis are vexatious. "[T]he district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Jordan*, 121 Nev. at 61, 110 P.3d at 43 (internal quotation marks and citations omitted). The filings must be more than just repetitive or abusive—they must also be without an arguable legal or factual basis, or filed with the intent to harass. *Id.* In other words, the purpose of a restrictive order must be to curb vexatious litigation, not just litigiousness. *Id.*

The final part of the analysis is focused on protecting the litigant's constitutional right to access the courts by ensuring that the restrictive order is narrowly tailored. "[T]he order must be narrowly drawn to address the specific problem encountered" and must set an appropriate standard by which any future filings will be measured. *Id.* at 61-62, 110 P.3d at 43-44. For example, if the specific problem is that the litigant repeatedly asserts the same claim or type of claim, the restrictive order should be limited to filings raising the same claim or type of claim. Further, if the district court determines that a litigant has been abusive in his filings challenging a judgment of conviction, the restrictive order should only bar abusive challenges to the judgment of conviction. Such an order thus would not preclude the litigant from filing a challenge to the computation of time served pursuant to a judgment of conviction based on a disciplinary hearing that resulted in the forfeiture of credits. The order should be no more restrictive than warranted by the litigant's vexatious actions.

Turning to the restrictive order challenged by Jones, the question is whether the district court arbitrarily or capriciously exercised or manifestly abused its discretion. *Peck*, 129 Nev. at ___, 295 P.3d at 588; *see also Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *Armstrong*, 127 Nev. at ___, 267 P.3d at 780 (internal quotation marks and citations omitted). Similarly, "[a] manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *Id.* (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)).

Although this court had not clearly addressed restrictive orders that limit a criminal defendant's filings that challenge a judgment of conviction and sentence before today, our decision in *Jordan* provided at least some relevant guidance as the only decision by this court related to restrictive orders. It does not appear that the district court considered *Jordan*.

First, the district court failed to provide Jones with reasonable notice of, and an opportunity to oppose, the restrictive order's issuance. The State filed its request for vexatious determination on April 28, 2011. That motion did not put Jones on notice that the court was considering a restrictive order because it did not request such an order. In the motion, the State did not mention a restrictive order or *Jordan*; rather, the State asked the court to sanction Jones' allegedly vexatious litigation practices pursuant to NRS 209.451, which provides for the forfeiture of credits. There also is no record of Jones being given an opportunity to oppose the

issuance of a restrictive order. The determination that Jones was vexatious appears to have been made at a hearing on May 11, 2011, when the district court summarily stated that "Jones is a vexatious litigator."[4] Jones was not present at that hearing and was not represented by counsel.[5] The district court's quick decision without a hearing did not allow Jones to oppose the issuance of a restrictive order in writing or orally. Because the notice and the opportunity to oppose were inadequate or nonexistent, the restrictive order violated Jones' due process rights.

Second, the district court failed to create an adequate record for review or to give an explanation of the reasons that led it to conclude that a restrictive order was necessary. The district court's conclusory statement that Jones' filings were not made in good faith and had been filed solely to harass the State and the district court is not supported by the record. The district court merely listed four of its own orders in

---

[4]The court indicated that it believed it had to transfer the matter to the chief judge "to make [the] final determination" as to Jones being a vexatious litigant. At a brief proceeding on the record one month later, the district court indicated that it "was determined" that Jones was a vexatious litigant and that the court would prepare findings of fact and send them to the chief judge. It does not appear that the matter was ever referred to the chief judge. A few days later, the respondent district court judge entered the restrictive order.

[5]The State suggests that Jones' attorney was informed at the May 11, 2011, hearing that the district court was considering a vexatious determination. But the record does not indicate that Jones was represented by counsel or was present at that hearing. The counsel that the State suggests had notice was the Clark County Public Defender's Office. Although that office may have represented Jones early in the criminal case before conflict counsel was appointed, the office did not represent him in the post-conviction proceeding.

support of its determination. Those orders denied appellant's motion for the appointment of counsel, motion for the production of documents, motion to extend prison copy work, and found Jones to be a vexatious litigant. The motions cited by the district court as being harassing and not made in good faith are all normal motions that are routinely filed during a post-conviction proceeding and were not excessive in quantity. The order does not indicate that Jones had previously instituted other collateral challenges to his judgment of conviction and sentence or filed similar motions that were determined to be meritless or otherwise resulted in an adverse resolution. Nor is there any indication that the district court had considered other, less severe sanctions to curb Jones' perceived vexatious actions. Therefore, the district court failed to demonstrate that there was an adequate record or reasons supporting a restrictive order.

Third, the district court failed to make substantive findings as to the frivolous or harassing nature of Jones' actions. Again, the district court's conclusory statement that Jones' filings have not been made in good faith and were filed only to harass is not sufficient.

Finally, the restrictive order was not narrowly drawn to address the "problem" encountered. The district court put a blanket restriction on Jones' ability to file documents "in this matter." The order is not limited to addressing the specific problems perceived by the district court. The order also does not set forth an appropriate standard against which future filings should be measured. The order merely states that the chief judge will review all filings before they may be filed in the district court. There is no guidance to either Jones or the chief judge as to what may pass scrutiny and what will not be filed.

Because the restrictive order runs afoul of the applicable guidelines, we conclude that the district court acted arbitrarily and capriciously in designating Jones a vexatious litigant and entering the restrictive order. We therefore grant the petition. The clerk of this court shall issue a writ of mandamus directing the district court to vacate its June 16, 2011, order designating Jones a vexatious litigant and restricting his access to the court.

_____, J.
Douglas

We concur:

_____, J.
Hardesty

_____, J.
Cherry