An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY GENE TILCOCK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65198

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on October 18, 2013, nearly 13 years after issuance of the remittitur on direct appeal on November 14, 2000. *See Tilcock v. State*, Docket No. 32821 (Order Dismissing Appeal, September 8, 2000). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*See Tilcock v. State*, Docket Nos. 38643, 39678, & 40098 (Order of Affirmance, November 22, 2002). He also filed a third post-conviction
*continued on next page . . .*

14-23931

34.810(1)(b)(2); NRS 34.810(2). Accordingly, appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant did not attempt to demonstrate good cause to excuse the procedural defects. Rather, appellant argued that he was actually innocent of the offense of stop required on the signal of a police officer. In support of this assertion, he claimed that he had newly discovered evidence in the form of voluntary statements of police officers and preliminary hearing testimony. To the extent that appellant relied on preliminary hearing testimony, the transcripts of the preliminary hearing could not be considered new evidence, as they were available as part of the record on appeal since appellant's conviction. *See House v. Bell*, 547 U.S. 518, 537 (2006) (opining that actual innocence exception requires new evidence demonstrating innocence); *Schlup v. Delo*, 513 U.S. 298, 316

---

. . . *continued*

petition on May 17, 2013, but did not appeal from the denial of that petition.

(1995) (same). Appellant did not demonstrate actual innocence because his claim involved legal error and he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (quoting *Schlup*, 513 U.S. at 327); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. Appellant also failed to overcome the presumption of prejudice to the State. We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

---

[3]We decline to consider the district court's decision to designate appellant a vexatious litigant and to enter a restrictive order. This decision should be challenged in an original petition for a writ of mandamus filed in this court. *See Peck v. Grouser*, 129 Nev. ___, ___, 295 P.3d 586, 588 (2013).

cc: Hon. James M. Bixler, District Judge
Larry Gene Tilcock
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A