133 Nev., Advance Opinion 90

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN YU,
Appellant,
vs.
ROURONG YU,
Respondent.

No. 70348

**FILED**

NOV 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Jurisdictional prescreening of an appeal from a district court order entered after a decree of divorce. Eighth Judicial District Court, Family Court Division, Clark County; Bill Henderson, Judge.

*Appeal may proceed.*

Brian Yu, Las Vegas,
in Pro Se.

Rourong Yu, Las Vegas,
in Pro Se.

_____

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

PER CURIAM:

This is an appeal from a district court order ruling on several post-judgment issues and declaring the parties to be vexatious litigants. We consider whether the post-judgment vexatious litigant determination, which is not independently appealable, *Peck v. Crouser*, 129 Nev. 120, 124, 295 P.3d 586, 588 (2013), may be considered in this appeal or must be challenged via an original writ petition. We conclude that a post-judgment

17-40349

vexatious litigant determination may be considered in an appeal from an otherwise appealable order, and thus allow this appeal to proceed.

## FACTS AND PROCEDURAL HISTORY

Appellant Brian Yu and respondent Rourong Yu were divorced via a decree entered in 2015. Thereafter, Brian filed several motions to reopen the decree and alter its terms. The district court entered an order that, among other things, denied Brian's requests, granted Rourong an additional $88,000 from certain accounts, and declared both Brian and Rourong to be vexatious litigants. Brian timely appealed.

This court entered an order directing Brian to show cause why this appeal should not be dismissed for lack of jurisdiction. We questioned whether the portion of the order declaring Brian to be a vexatious litigant was appealable where no statute or court rule appeared to authorize an appeal from such an order.[1] *See* NRAP 3A(b) (listing appealable orders); *Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (stating that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule); *see also Jones v. Eighth Judicial Dist. Court*, 130 Nev. 493, 497, 330 P.3d 475, 478 (2014) (noting that a petition for a writ of mandamus is the proper means to challenge an order restricting a litigant's access to the courts). Brian filed a response arguing that orders resolving a "mixed bag" of issues, some of

---

[1]We also questioned whether the remainder of the order was appealable. Having considered Brian's response and the documents before this court, it appears that the order is otherwise appealable as a special order after final judgment or an order denying a motion pursuant to NRCP 60(b). NRAP 3A(b)(8); *Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 63, 732 P.2d 1376, 1379 (1987).



which are reviewable through an appeal and some through a writ petition, should be reviewable in their entirety via an appeal.[2] He asserts that requiring litigants to file both an appeal and a writ petition from the same order is contrary to Nevada's public policy of promoting judicial economy by avoiding piecemeal review. He also suggests that such a requirement could result in confusion. Finally, Brian points to *Lewis v. Lewis*, 132 Nev., Adv. Op. 46, 373 P.3d 878 (2016), in support of his assertion that an appeal is the proper method to challenge an order containing a "mixed bag" of issues.

## DISCUSSION

A post-judgment order declaring a party to be a vexatious litigant is not appealable and may only be challenged via an original writ petition.[3] *Peck*, 129 Nev. at 124, 295 P.3d at 588. The question here is whether litigants who seek to challenge a post-judgment vexatious litigant determination contained within an otherwise appealable order must file an original writ petition to challenge the vexatious litigant determination. We conclude they need not.

We agree with Brian that requiring litigants to file both a notice of appeal and an original writ petition to challenge different portions of the same order is inconsistent with Nevada's "interest in promoting judicial economy by avoiding the specter of piecemeal appellate review." *Barbara*

---

[2]The response was filed by Brian's counsel, who has since withdrawn.

[3]Brian's alternative assertion that the vexatious litigant determination is appealable under *Jordan v. State ex rel. Department of Motor Vehicles & Public Safety*, 121 Nev. 44, 110 P.3d 30 (2005), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008), lacks merit because the determination here was made in a post-judgment order rather than in an order interlocutory to a final judgment. *Peck*, 129 Nev. at 123-24, 295 P.3d at 587-88.

 

*Ann Hollier Tr. v. Shack*, 131 Nev., Adv. Op. 59, 356 P.3d 1085, 1090 (2015) (internal quotation marks omitted). Such a requirement could also cause unnecessary confusion for attorneys and pro se litigants seeking this court's review. Thus, allowing consideration of a post-judgment vexatious litigant determination in an appeal from an otherwise appealable order both promotes judicial efficiency and simplifies the review process. *Cf. Winston Prods. Co. v. DeBoer*, 122 Nev. 517, 526, 134 P.3d 726, 732 (2006) (interpreting NRAP 4(a)(4) in such a manner as to avoid piecemeal litigation and confusion regarding the time for filing a notice of appeal).

Allowing review of a post-judgment vexatious litigant determination on appeal from an otherwise independently appealable order is also consistent with our recent decision in *Vaile v. Vaile*, 133 Nev., Adv. Op. 30, 396 P.3d 791 (2017). In that case, the appellant challenged a post-judgment order concerning both child support and contempt. *Id.* at 794-95. Although a contempt order is not independently appealable, *Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000), we concluded that we had jurisdiction to consider a contempt finding or sanction on appeal, so long as it "is included in an order that is otherwise independently appealable." *Vaile*, 133 Nev., Adv. Op. 30, 396 P.3d at 794-95; *see also Lewis*, 132 Nev., Adv. Op. 46, 373 P.3d at 881 (considering a challenge to contempt findings in an appeal from a post-judgment order modifying custody of a minor child and child support obligation). Similar treatment of non-appealable contempt orders and non-appealable post-judgment vexatious litigant orders will further serve to lessen confusion for those seeking review.

## CONCLUSION

A post-judgment vexatious litigant determination may be challenged on appeal if it is contained within an otherwise independently

appealable order. Accordingly, we may consider the vexatious litigant determination in the context of this appeal, and this appeal may proceed.

Brian shall have 30 days from the date of this opinion to file either 1) a brief that complies with the requirements of NRAP 28(a) and NRAP 32, or 2) an "Informal Brief Form for Pro Se Parties" provided by the clerk of this court. NRAP 28(k). Rourong need not file a response unless directed to do so by this court. NRAP 46A(c). We caution Brian that failure to timely comply may result in the imposition of sanctions, including dismissal of this appeal.

_____, J.
Hardesty

_____, J.            _____, J.
Parraguirre                    Stiglich