# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI SHAHROKHI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAWN THRONE, DISTRICT JUDGE,
Respondents,
and
KIZZY BURROW,
Real Party in Interest.

No. 84189

**FILED**

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR
## WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a district court order declaring petitioner a vexatious litigant. Having considered the petition and supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted for two reasons. *See* NRS 34.160; NRS 34.320; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991).

First, petitioner has an adequate legal remedy because he may challenge the vexatious litigant order in an appeal from final judgment. *See Peck v. Crouser*, 129 Nev. 120, 123-24, 295 P.3d 586, 587-88 (2013) (noting that this court has "reviewed the propriety of interlocutory vexatious litigant orders challenged in the context of an appeal from a final judgment," while holding that *postjudgment* vexatious litigant orders may only be challenged by a petition for writ relief). Generally, we will not entertain

mandamus or prohibition when the petitioner has another adequate remedy. NRS 34.170; NRS 34.330.

Second, even if appellate review of the vexatious litigant order on appeal from a final judgment would not be sufficient to protect petitioner's access to the court, we further conclude that petitioner has not met his burden to demonstrate that extraordinary relief is warranted. *See Pan*, 120 Nev. at 228, 88 P.3d at 844. Insofar as petitioner argues for prohibition, he relies in part on a motion for an emergency stay that was filed in separate, consolidated appeals and was denied. *Cf. Shahrokhi v. Burrow*, Docket Nos. 81978, 82245 (Order Denying Stay, January 19, 2022). Insofar as petitioner argues that the district judge improperly relied on "extrajudicial" sources when noting petitioner's other filings in federal court and Nevada appellate courts, the district court is not barred from acknowledging such filings, and petitioner further has proffered no authority suggesting that doing so deprives the district court of jurisdiction. *See Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 61, 110 P.3d 30, 43 (2005) (directing district courts to consider filings in other cases cautiously, in order to avoid interfering with the work of other judges in other actions), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008).

We further conclude that mandamus relief is not warranted because petitioner has not shown that the district court manifestly abused its discretion or acted arbitrarily or capriciously. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020); *Jordan*, 121 Nev. at 60, 110 P.3d at 42 (setting forth vexatious litigant order standards). Specifically, the district court created an adequate record in setting forth petitioner's numerous, frivolous filings and explaining that

petitioner abused the legal system by repeatedly filing meritless suits, motions, and other documents. *See Jordan*, 121 Nev. at 60-61, 110 P.3d at 43. Next, the district court found that petitioner's filings were intended to harass, to cause unnecessary delay, and to increase the cost of litigation for the real party in interest and lacked an arguable legal or factual basis. *See id.* at 61, 110 P.3d at 43. And finally, its order was narrowly tailored to petitioner's misconduct in requiring petitioner to seek leave before filing any further pro se documents in this and one other related case pending before the district court. *See id.*[1]

Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Parraguirre

_____, J.        _____, Sr.J.
Cadish                                      Gibbons

---

[1]To the extent that petitioner frames the argument as seeking First Amendment relief, he rests his claim on the same vexatious litigant standards and has not shown relief is warranted. To the extent that he rests a First Amendment claim on anti-SLAPP statutes, relief is not warranted because those statutes do not shield against vexatious litigant orders but rather provide "a procedural mechanism to dismiss meritless lawsuit[s] that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights before incurring the costs of litigation." *Coker v. Sassone*, 135 Nev. 8, 10, 432 P.3d 746, 748 (2019) (internal quotation marks omitted) (alteration in original).

We have considered petitioner's remaining arguments and conclude that they do not warrant relief.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc:    Hon. Dawn Throne, District Judge, Family Court Division
       Ali Shahrokhi
       Kizzy Burrow
       Eighth District Court Clerk