## IN THE SUPREME COURT OF THE STATE OF NEVADA

BRAD RESNIK,
Appellant,
vs.
QUALITY LOAN SERVICE
CORPORATION; SATICOY BAY LLC
SERIES 4928 E MONROE AVENUE;
NATIONSTAR MORTGAGE LLC, D/B/A
MR. COOPER; U.S. BANK TRUST
NATIONAL ASSOCIATION, AS
OWNER TRUSTEE FOR VRMTG
ASSET TRUST; AND SHELLPOINT,
Respondents.

No. 84751

FILED

AUG 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court order granting a temporary writ of restitution. Eighth Judicial District Court, Clark County; Veronica Barisich, Judge.

Respondent Saticoy Bay LLC Series 4928 E Monroe Avenue has filed a motion to dismiss this appeal for lack of jurisdiction, pointing out that no authority authorizes an appeal from an order granting a temporary writ of restitution. Appellant opposes, asserting that the order constitutes an injunction appealable under NRAP 3A(b)(3).

The right to appeal is statutory; if no statute or court rule provides for an appeal, no right to appeal exists. *See Taylor Constr. Co. v. Hilton Hotels*, 100 Nev. 207, 678 P.2d 1152 (1984); *Kokkos v. Tsalikis*, 91 Nev. 24, 530 P.2d 756 (1975). Here, as Saticoy Bay asserts, no statute or court rule expressly provides for an appeal from an order granting a temporary writ of restitution. *See* NRAP 3A(b).

22-24258

Nevertheless, appellant argues that because the order commands the sheriff or constable to act, it constitutes an injunction, which is expressly appealable under NRAP 3A(b)(3). *See Peck v. Crouser*, 129 Nev. 120, 124, 295 P.3d 586, 588 (2013) ("An injunction is '[a] court order commanding or preventing an action.'" (quoting *Black's Law Dictionary* 800 (8th ed. 2004)). We disagree. The order granting a writ of restitution, while bearing some similarity to an injunction, does not command any *party* to act or refrain from acting on an ongoing basis to prevent irreparable harm or to undo a wrong, enforceable against that party by contempt. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) ("When a court employs the extraordinary remedy of injunction, it directs the conduct of a party, and does so with the backing of its full coercive powers. . . . It is true that in a general sense, every order of a court which commands or forbids is an injunction; but in its accepted legal sense, an injunction is a judicial process or mandate operating in personam." (internal quote marks, alterations, and citations omitted)); *Orange County v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825-26 (9th Cir. 1995) (recognizing three fundamental characteristics of injunctions: they are (1) directed to a particular party, (2) enforceable by contempt, and (3) designed to accord or protect substantive relief (citing 16 Charles A. Wright et al., Federal Practice and Procedure § 3922 at 29 (1977))). Further, in *Peck*, we recognized that "injunctions are governed by NRCP 65, which sets forth the procedure for seeking an injunction and the form that an order granting an injunction must take." 129 Nev. at 124, 295 P.3d at 588. The challenged order does not appear subject to NRCP 65's requirements. Finally, we have dismissed appeals from temporary writs of restitution in the past, *see, e.g., Chauvin v. Nat'l Default Serv. Corp.*, No. 59380, 2012 WL 472742 (Nev. Feb. 13, 2012) (Order

Dismissing Appeal); *Shawhan v. Shawhan*, No. 52459, 2008 WL 6124824 (Nev. Dec. 19, 2008) (Order Dismissing Appeal); *Naseef v. County of Clark*, Docket No. 34947 (May 11, 2000) (Order Dismissing Appeal in Part), and we have historically considered such matters an appropriate subject of an original petition for writ relief. *See, e.g., K.J.B. Inc. v. Second Judicial Dist. Court*, 103 Nev. 473, 745 P.2d 700 (1987); *Farnow v. Eighth Judicial Dist. Court*, 64 Nev. 109, 178 P.2d 371 (1947). Accordingly, we decline to treat the order granting a writ of restitution as equivalent to an injunction for appeal purposes.

As we lack jurisdiction, and without prejudice to appellant's ability to seek writ relief, we grant Saticoy Bay's motion and

ORDER this appeal DISMISSED.[1]

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

---

[1]In light of this order, appellant's emergency motion for stay is denied as moot.

cc:    Hon. Veronica Barisich, District Judge
Ara H. Shirinian, Settlement Judge
Benjamin B. Childs
Akerman LLP/Las Vegas
Troutman Pepper Hamilton Sanders LLP/Las Vegas
McCarthy & Holthus, LLP/Las Vegas
Law Offices of Michael F. Bohn, Ltd.
Eighth District Court Clerk