**136 Nev., Advance Opinion 36**

IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNITA SUE NELSON,
Appellant,
vs.
ERIC L. NELSON, INDIVIDUALLY
AND IN HIS CAPACITY AS
INVESTMENT TRUSTEE OF THE
ERIC L. NELSON NEVADA TRUST
DATED MAY 30, 2001; AND MATT
KLABACKA, AS DISTRIBUTION
TRUSTEE OF THE ERIC L. NELSON
NEVADA TRUST DATED MAY 30, 2001,
Respondents.

No. 77473

FILED

JUL 09 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a request for a joint preliminary injunction in a family law matter. Eighth Judicial District Court, Family Court Division, Clark County; Frank P. Sullivan, Judge.

*Appeal dismissed.*

The Dickerson Karacsonyi Law Group and Robert P. Dickerson and Josef M. Karacsonyi, Las Vegas,
for Appellant.

Solomon Dwiggins & Freer, Ltd., and Jeffrey P. Luszeck and Mark A. Solomon, Las Vegas,
for Respondent Matt Klabacka.

Throne & Hauser and Dawn R. Throne, Henderson,
for Respondent Eric L. Nelson.

_____

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-25289

*OPINION*

By the Court, STIGLICH, J.:

In this appeal, we consider whether this court has jurisdiction to review a district court order denying a request for a joint preliminary injunction pursuant to EDCR 5.517 in a family law matter. While joint preliminary injunctions under EDCR 5.517 are injunctions, we hold that NRAP 3A(b)(3) permits appeals only from injunctions pursuant to NRCP 65, and joint preliminary injunctions under EDCR 5.517 are not subject to NRCP 65. We therefore conclude that we do not have jurisdiction to review such an order under NRAP 3A(b)(3). Because no court rule or statute permits an appeal of a district court order denying a request for a joint preliminary injunction pursuant to EDCR 5.517, we dismiss this appeal.

### PROCEDURAL BACKGROUND

Appellant Lynita Nelson and respondent Eric Nelson, while married, both signed a separate property agreement that transmuted their community property into two separate property trusts. They then created two other separate self-settled spendthrift trusts, the Eric L. Nelson Nevada Trust (ELN Trust) and the Lynita S. Nelson Nevada Trust (LSN Trust), which were funded by their separate property trusts. Respondent Matt Klabacka later became distribution trustee of the ELN Trust. After Eric filed for divorce in 2009, the clerk of the court issued a joint preliminary injunction pursuant to EDCR 5.85,[1] which prohibited the parties and the

---

[1]EDCR 5.517 replaced EDCR 5.85 in 2017. *See In re Proposed Amendments to Part V of the Rules of Practice for the Eighth Judicial Dist. Court*, ADKT 0512 (Order Amending the Rules of Practice for the Eighth Judicial District Court Part V, Dec. 28, 2016). The Eighth Judicial District Court rules were again amended effective January 1, 2020, and EDCR 5.517

 

trusts from disposing of any property subject to any community interest claim. The district court issued a divorce decree that equalized the trust assets and ordered some assets in the ELN Trust to be transferred to the LSN Trust. On appeal, we vacated the decree in part and remanded. *See Klabacka v. Nelson*, 133 Nev. 164, 182, 394 P.3d 940, 954 (2017). We concluded that the ELN Trust and LSN Trust were funded with separate property and therefore remanded for the district court to conduct proper tracing to determine community interests. *Id.* at 165, 171-73, 394 P.3d at 943, 947-48.

On remand, Lynita moved for the district court to reaffirm its prior joint preliminary injunction pursuant to EDCR 5.517. However, the district court issued a preliminary injunction for only two assets subject to community property claims and, in an October 16, 2018, order, declined to extend the injunction to other assets in the ELN Trust. Lynita appealed the district court order declining to extend the injunction. Klabacka and Eric argued that the district court's order was not appealable. Our review of the case revealed a potential jurisdictional defect, and we directed Lynita to show cause why the appeal should not be dismissed for lack of jurisdiction. *See Nelson v. Nelson*, Docket No. 77473 (Order to Show Cause, January 27, 2020). All parties filed briefs in response.

*DISCUSSION*

This court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule. *Valley Bank of Nev. v.*

---

was renumbered as EDCR 5.518. *See In re Proposed Amendments to the Rules of Practice for the Eighth Judicial Dist. Court*, ADKT 0545 (Order Amending the Rules of Practice for the Eighth Judicial District Court, Nov. 27, 2019).

*Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 732 (1994). "No order of the lower court, no sanction, or permit, can authorize this court to take cognizance of a matter on appeal unless the right of appeal clearly appears as a matter of law." *State v. State Bank & Tr. Co.*, 36 Nev. 526, 538, 137 P. 400, 403 (1913). Lynita argues that this court has jurisdiction to review her appeal under NRAP 3A(b)(3). We disagree.

*NRAP 3A(b)(3) grants jurisdiction only to review orders granting or denying injunctions pursuant to NRCP 65*

NRAP 3A(b) provides that "[a]n appeal may be taken from the following judgments and orders of a district court in a civil action," including "[a]n order granting or refusing to grant an injunction or dissolving or refusing to dissolve an injunction." *See* NRAP 3A(b)(3). In interpreting NRAP 3A(b)(3), we have held that "injunctions are governed by NRCP 65, which sets forth the procedure for seeking an injunction and the form that an order granting an injunction must take." *Peck v. Crouser*, 129 Nev. 120, 124, 295 P.3d 586, 588 (2013). Accordingly, we have held that post-judgment vexatious litigant orders restricting a party's court access were not subject to NRCP 65 and therefore were not appealable under NRAP 3A(b)(3). *Id.*

*Joint preliminary injunctions pursuant to EDCR 5.517 are not governed by NRCP 65*

EDCR 5.517 provides that

> (a) Upon the request of any party at any time prior to the entry of a decree of divorce or final judgment, a preliminary injunction will be issued by the clerk against the parties to the action enjoining them . . . from:
>
> > (1) Transferring, encumbering, concealing, selling, or otherwise disposing of any of the joint, common, or community property of the

SUPREME COURT
OF
NEVADA

(O) 1947A

4

parties or any property that is the subject of a claim of community interest. . . .

A joint preliminary injunction prevents both parties from taking certain actions while the divorce proceeding is pending and "remain[s] in effect until a decree of divorce or final judgment is entered or until modified or dissolved by the court." *See* EDCR 5.517(d).

Joint preliminary injunctions issued pursuant to EDCR 5.517, however, are not subject to NRCP 65. NRCP 65(e) explicitly provides that "[t]his rule is not applicable to actions for divorce, alimony, separate maintenance, or custody of children." *See City Council of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989) (providing that when the language of a statute is plain and unambiguous, this court shall "give [the] language its ordinary meaning and not go beyond it"); *see also Weddell v. Stewart*, 127 Nev. 645, 651, 261 P.3d 1080, 1084 (2011) ("[R]ules of statutory construction apply to court rules."). Because NRCP 65 excludes family division matters and EDCR 5.517 contains its own procedure for joint preliminary injunctions in family division matters, such preliminary injunctions under EDCR 5.517 are not governed by NRCP 65. *See* EDCR 5.101. As such, orders granting or denying injunctions pursuant to EDCR 5.517 are not appealable under NRAP 3A(b)(3). *See Peck*, 129 Nev. at 124, 295 P.3d at 588.

We treat injunctions in family law matters differently because they differ procedurally from those governed by NRCP 65. For example, to obtain a preliminary injunction under NRCP 65, "the moving party must show that there is a likelihood of success on the merits and that the nonmoving party's conduct, should it continue, would cause irreparable harm for which there is no adequate remedy at law." *Dep't of Conservation & Nat. Res., Div. of Water Res. v. Foley*, 121 Nev. 77, 80, 109 P.3d 760, 762

(2005). Under NRCP 65, a court may issue a preliminary injunction only upon notice to the adverse party and security from the moving party. NRCP 65(a)(1), (c).

Joint preliminary injunctions issued pursuant to EDCR 5.517, on the other hand, require no showing of probable success or harm. Rather, the clerk of the court must issue such injunction upon the request of either party. EDCR 5.517(1); *see Natural Res. Def. Council, Inc. v. Perry*, 940 F.3d 1072, 1078 (9th Cir. 2019) ("The word 'will,' like the word 'shall,' is a mandatory term, unless something about the context in which the word is used indicates otherwise." (internal citation omitted)). Joint preliminary injunctions issued pursuant to EDCR 5.517 also do not require any bond. *See* EDCR 5.517; NRCP 65(e)(1) (indicating that in actions for divorce, alimony, separate maintenance, or custody of children, "the court may make prohibitive or mandatory orders, with or without notice or bond"). Because of the greater flexibility and ability for the district court to modify or dissolve joint preliminary injunctions, those injunctions also do not invoke the same finality as injunctions under NRCP 65. *See Turner v. Saka*, 90 Nev. 54, 63 n.10, 518 P.2d 608, 614 n.10 (1974) (noting that NRCP 65(e) (formerly subsection f) "may be read to envision somewhat greater flexibility and less formality in domestic matters than in other litigation"). We therefore conclude that orders granting or denying injunctions pursuant to EDCR 5.517 are not appealable under NRAP 3A(b)(3).

*Writ relief is appropriate*

Lynita argues that if we decline to review this appeal, she will have no adequate remedy at law. Even so, Lynita may file a writ petition. *See Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 649, 5 P.3d 569, 571 (2000) (concluding that where no rule or statute provides jurisdiction for the court to entertain an appeal, relief must be sought by an

original writ petition pursuant to NRS Chapter 34). Given the mandatory language in EDCR 5.517, a writ petition would be the appropriate vehicle to seek review of the district court's order for an arbitrary or capricious exercise of its discretion. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." (footnote omitted)).

## CONCLUSION

We hold that joint preliminary injunctions under EDCR 5.517 are not subject to NRCP 65 and therefore orders denying or granting injunctions under EDCR 5.517 are not appealable under NRAP 3A(b)(3). The district court's order regarding the joint preliminary injunction was accordingly not appealable, and we dismiss this appeal for lack of jurisdiction.

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver

SUPREME COURT
OF
NEVADA

(O) 1947A