137 Nev., Advance Opinion 14

IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNITA SUE NELSON,
INDIVIDUALLY AND IN HER
CAPACITY AS INVESTMENT
TRUSTEE OF THE LYNITA S.
NELSON NEVADA TRUST DATED
MAY 30, 2001,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
  and
ERIC L. NELSON, INDIVIDUALLY
AND IN HIS CAPACITY AS
INVESTMENT TRUSTEE OF THE
ERIC L. NELSON NEVADA TRUST
DATED MAY 30, 2001; AND MATT
KLABACKA, DISTRIBUTION
TRUSTEE OF THE ERIC L. NELSON
NEVADA TRUST DATED MAY 30, 2001,
Real Parties in Interest.

No. 81564

FILED

APR 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a request for a joint preliminary injunction in a divorce case.

*Petition granted.*

21-09398

The Dickerson Karacsonyi Law Group and Robert P. Dickerson and Josef M. Karacsonyi, Las Vegas,
for Petitioner.

Solomon Dwiggins & Freer, Ltd., and Mark A. Solomon and Jeffrey P. Luszeck, Las Vegas,
for Real Party in Interest Matt Klabacka.

Dawson & Lordahl, PLLC, and Michelle Hauser, Las Vegas,
for Real Party in Interest Eric L. Nelson.

---

BEFORE PARRAGUIRRE, STIGLICH and SILVER, JJ.

## OPINION

By the Court, SILVER, J.:

Under EDCR 5.518(a)(1), the court clerk will issue a joint preliminary injunction (JPI) "[u]pon the request of any party at any time prior to the entry of a decree of divorce or final judgment" to enjoin the parties from transferring or selling community property "or any property that is the subject of a claim of community interest." In this writ proceeding, Lynita S. Nelson and Eric L. Nelson dispute whether EDCR 5.518 required the district court, on remand from an earlier appeal in this case and upon Lynita's request, to reinstate a JPI over the parties' respective spendthrift trusts. Based on the rule's plain language, we conclude EDCR 5.518 required the district court to impose the requested JPI here.

### FACTS AND PROCEDURAL HISTORY

During their marriage, Lynita and Eric created two irrevocable self-settled spendthrift trusts: the LSN Trust and the ELN Trust. The trusts were initially funded with separate property, but significant

transfers of property and loans between the trusts occurred during the marriage. When Eric eventually filed for divorce, he requested, and the district court issued, a JPI.

In its decree of divorce, the district court made various findings regarding the trust property, and both parties appealed. We resolved those appeals in *Klabacka v. Nelson*, 133 Nev. 164, 394 P.3d 940 (2017), wherein we vacated the parts of the divorce decree regarding awards against the trusts and ordered the district court to properly trace the trusts' assets to determine whether they contained community property. On remand, Lynita moved under EDCR 5.518[1] to reinstate the JPI.

The district court granted Lynita's motion in part, imposing a JPI over two trust properties. Lynita moved for reconsideration, arguing that the JPI should cover all property listed in the divorce decree because it was subject to a claim of community interest. The district court denied Lynita's request to expand the JPI, finding that the ELN Trust was not a party to the action, that the court was not required to place a JPI over a nonparty's property, and that a JPI was only warranted as to the two properties over which the ELN and LSN Trusts had held an ownership interest in at some point during the proceedings.

---

[1]The parties refer interchangeably to EDCR 5.517 and EDCR 5.518 in their briefs. EDCR 5.517 was the operative rule during the action in this case but was renamed EDCR 5.518 in 2019. *See In re Proposed Amendments to the Rules of Practice for the Eighth Judicial Dist. Court,* ADKT No. 0545 (Order Amending the Rules of Practice for the Eighth Judicial District Court, Nov. 27, 2019). Because the content of the rule remains the same, we refer to the current rule, EDCR 5.518.

Lynita appealed the district court's decision, which we dismissed for lack of jurisdiction. *See Nelson v. Nelson*, 136 Nev., Adv. Op. 36, 466 P.3d 1249, 1250-51 (2020). Lynita now petitions for writ relief. Matt Klabacka, the ELN Trust distribution trustee, responds, and Eric joins Klabacka's response (collectively, Eric).

## DISCUSSION

Lynita seeks a writ of mandamus directing the district court to impose a JPI under EDCR 5.518 over all property subject to a claim of community property interest. Lynita previously appealed this issue, and we determined that a writ petition would be proper here. *Nelson*, 136 Nev., Adv. Op. 36, 466 P.3d at 1252-53 (providing that "a writ petition would be the appropriate vehicle to seek review" in this case). Moreover, the scope of EDCR 5.518 is an issue of first impression, and we therefore elect to consider Lynita's petition for a writ of mandamus.

*Whether trusts may be parties under EDCR 5.518*

The threshold issue before this court is whether EDCR 5.518's scope includes the parties' trusts.[2] Lynita argues both trusts are parties to this action and, moreover, that trusts may be parties to an action under EDCR 5.518. Eric concedes the ELN Trust was joined as a necessary party,[3] but he counters that only "persons" such as husbands and wives may be

---

[2]Eric only contests the JPI as related to the ELN trust, yet we nevertheless address both trusts because Lynita addressed both trusts and "all property subject to a claim of community property interest" in her petition.

[3]Accordingly, we need not address Lynita's related judicial estoppel argument.

parties under that rule and that a JPI is improper over property in a spendthrift trust, which is neither separate nor community property.[4]

"[R]ules of statutory construction apply to court rules." *Weddell v. Stewart*, 127 Nev. 645, 651, 261 P.3d 1080, 1084 (2011). In construing statutes, when the language of a statute is plain and unambiguous, we "give that language its ordinary meaning and [do] not go beyond it." *City Council of Reno v. Reno Newspapers, Inc.*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).

As pertinent here, EDCR 5.518(a)(1) states "[u]pon the request of *any party* . . . a preliminary injunction will be issued by the clerk against *the parties* to the action enjoining them and their officers, agents, servants, employees, or a person in active concert or participation with them." (Emphases added.) A "party" is "a party personally, if unrepresented, or that party's counsel of record, if represented." EDCR 5.102(j). And "'[p]erson' must include and apply to corporations, firms, associations and *all other entities*, as well as natural persons." EDCR 1.12(f) (emphasis added). Going further, "'person' means a natural person, any form of

---

[4]Eric makes three other arguments that we decline to address. Eric argues that Lynita improperly asks for the finality of an NRCP 65 injunction, contrary to the scope of a JPI under EDCR 5.518. However, we need not consider that argument, as Lynita only asks for a JPI within the limits of EDCR 5.518. Eric next argues that the Wyoming Downs property cannot be subject to a JPI. Because this is an issue of fact for the district court to determine in the first instance, we do not consider the Wyoming Downs property at this time. Finally, we do not consider Eric's due process arguments, as he failed to raise them below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

business or social organization and *any other nongovernmental legal entity including,* but not limited to, a corporation, partnership, association, *trust* or unincorporated organization." NRS 0.039 (emphases added). Finally, a trust may also be a party to a lawsuit through its trustee—as this court has previously recognized. *See Causey v. Carpenters S. Nev. Vacation Tr.,* 95 Nev. 609, 610, 600 P.2d 244, 245 (1979).

Here, the record shows Eric and Lynita stipulated and agreed that the ELN and LSN Trusts be joined as necessary parties in the case,[5] the record includes documents filed by each trust's trustees, the district court's decisions name the trustees as parties, the district court's orders direct the trusts to take various actions, and both trusts are named as parties to the action below and to this writ petition through their respective trustees. And a plain reading of the rules shows that a trust may be a "party" under EDCR 5.518. Therefore, we conclude that the ELN and LSN Trusts are parties to this action and the district court's finding to the contrary was erroneous. We also conclude that EDCR 5.518 applies to trusts.

*Whether a joint preliminary injunction is proper here under EDCR 5.518*

Lynita next argues that EDCR 5.518 is mandatory and the district court was required to issue a JPI upon her request. Eric counters that Lynita must first present a prima facie case that community property exists before the district court must impose a JPI and, moreover, EDCR 5.518 does not require a district court to reinstate a JPI after a divorce decree, even if the case is ultimately remanded. Eric further asserts that

---

[5]Because Eric and Lynita stipulated below that the trusts were parties to the action, we are unpersuaded by Eric's arguments regarding NRS 125.050 and EDCR 5.85, the earlier version of EDCR 5.518.

the district court did not abuse its discretion under the particular facts of this case.

Regarding Lynita's argument that EDCR 5.518 is mandatory, we have already resolved this issue in *Nelson v. Nelson*, where we explained that EDCR 5.518 requires the court clerk to issue an injunction upon a party's request. 136 Nev., Adv. Op. 36, 466 P.3d at 1252. We therefore do not consider the arguments on this point further.[6] Eric nevertheless argues that because the trusts were funded by separate property, Lynita was required to make a prima facie showing that community property existed within the trusts before the district court was required to impose a JPI.[7]

First, EDCR 5.518 has no language indicating that a party must make a prima facie showing that a community interest exists before the party may obtain a JPI. Rather, the rule mandates that a clerk impose a JPI upon the request of any party on "any property that is the subject of a *claim* of community interest." *See* EDCR 5.518(a)(1) (emphasis added). Therefore, so long as there is a claim of community interest, a JPI must be imposed upon a party's request.

---

[6]In light of our decision, we need not address Eric's additional arguments that the district court may modify or dissolve a JPI or that there were sufficient assets to offset any potential deficiencies. However, we note that while the district court is required to impose a JPI over property with a claim of community interest upon a party's request, the court can modify or dissolve the JPI at any time if the court determines the property should not fall under that JPI. *See* EDCR 5.518(d).

[7]Eric also argues that Lynita cannot have a community interest in the trust property because, as a beneficiary to a spendthrift trust, he does not own the trust property. Our review of the prior appeal in this matter shows Eric already raised this argument in that case, and we concluded it was without merit. *Klabacka*, 133 Nev. at 182 n.9, 394 P.3d at 954 n.9.

 

Second, we recognized in *Klabacka v. Nelson* that the LSN and ELN Trusts were initially funded with separate property. 133 Nev. at 171, 394 P.3d at 947. However, we also recognized assets within the trusts may contain community property and remanded the case so that the district court could conduct proper tracing of the trust assets to determine whether any community property was transferred into or commingled within the trusts. *Id.* at 173, 394 P.3d at 948. Therefore, contrary to Eric's assertions, we did not determine that all assets in the trusts were separate property. Rather, our mandate in *Klabacka*, that the district court trace trust assets, demonstrates that at the time of the divorce decree, the LSN and ELN Trusts may have included property with a claim of community interest to which the JPI should extend. Accordingly, the district court must impose a JPI over all trust property with a claim of community interest.[8]

Finally, Eric argues that EDCR 5.518 does not require the district court to reinstate a prior JPI after a final judgment is entered, even if the case is ultimately remanded.[9] We disagree. In *Klabacka*, we vacated portions of the divorce decree and remanded to the district court for further proceedings. 133 Nev. at 165, 394 P.3d at 943. Vacate means "[t]o nullify or cancel; make void; invalidate." *Vacate, Black's Law Dictionary* (11th ed.

---

[8]Eric additionally argues that a JPI is inequitable in this case where Lynita has already disposed of the majority of assets within her trust, namely the Palmyra residence. However, in line with our foregoing analysis, a JPI is still applicable over any remaining property subject to a claim of community interest. Furthermore, it is for the district court, not the appellate court, to determine whether any trust property at issue is separate or community property while conducting the tracing.

[9]Although Eric failed to raise this argument in the lower court, we address it because we direct the district court to impose a JPI on remand.

SUPREME COURT
OF
NEVADA

(O) 1947A

2019). And where issues remain for the district court to decide, there is no final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (describing a "final judgment" as "one that disposes of the issues presented in the case, . . . and leaves nothing for the future consideration of the court" (internal quotation omitted)). Therefore, once a decree or judgment is vacated and remanded, even only in part, there is no longer a final judgment. Accordingly, EDCR 5.518 applies on remand.

## CONCLUSION

Based on EDCR 5.518's plain language, trusts may be parties to a divorce action and EDCR 5.518 is mandatory, does not require the requesting party to first make a prima facie showing of community interest, and applies on remand. Accordingly, we grant the petition and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order to the extent it found that the LSN and ELN Trusts were not parties to this action and to impose a JPI over all trust property that remains subject to a claim of community interest, until the district court makes a determination as to any community property.

_____, J.
Silver

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

